Eleanor M. Lackman, Esq., No. 298594
*elackman@cdas.com*
COWAN, DEBAETS, ABRAHAMS,
& SHEPPARD LLP
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 492-4392
Fax: (310) 492-4394

Attorneys for Defendant
Faze Clan Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| FAZE APPAREL, LLC, | )  |
|---|---|
|  | ) Case No.: 5:18-cv-00625 |
| Plaintiff, | ) |
|  | ) **FAZE CLAN INC.'S NOTICE OF** |
| v. | ) **MOTION AND MOTION TO** |
|  | ) **DISMISS, STAY, OR IN THE** |
| FAZE CLAN, INC. and DOES 1 through | ) **ALTERNATIVE,** |
| 25, inclusive, | ) **TRANSFER** |
|  | ) |
| Defendant(s). | ) Judge: Hon. Lucy H. Koh |
|  | ) Courtroom: 8 |
|  | ) Date: July 5, 2018 |
|  | ) Time: 1:30 p.m. |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 5, 2018, at 1:30 p.m. or as soon thereafter as the matter may be heard, before the Honorable Lucy H. Koh in Courtroom 8 of the above-referenced court, located at 280 South 1st Street, San Jose, California 95113, defendant Faze Clan Inc. ("FC") will move the Court for an order dismissing or staying the complaint of plaintiff Faze Apparel, LLC ("FA") pursuant

to the first to file rule, or in the alternative, transferring this action to the Central District of California pursuant to 28 U.S.C. § 1404(a).[1]

FC's motion to dismiss is made on the grounds that FA's complaint was filed in anticipation of imminent litigation and following FA's receipt of a ready-to-file complaint that FC intended to file if FA was not open to settlement discussions; therefore, FA's complaint should be dismissed or stayed in favor of an action pending in the United States District Court for the Central District of California, captioned 2:18-cv-00777-RGK-JEM, involving the same parties and issues and which was filed the day after this action was filed.  FC's motion to transfer is made on the grounds that (i) this action could have been brought in the Central District of California, and (ii) the "convenience of parties and witnesses, in the interest of justice" favors transfer to the Central District of California.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and the Declaration of Eleanor M. Lackman filed herewith, and all other papers and arguments submitted in connection with this matter.

---

[1] To the extent FA moves for a preliminary injunction in this proceeding, FC respectfully requests that its motion be heard prior to, or simultaneously with, FA's motion.

| | |
|---|---|
| Dated: February 12, 2018 | Respectfully submitted, |
| | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
| | By: /s/ Eleanor M. Lackman |
| | Eleanor M. Lackman, Esq., No. 298594 |
| | 9595 Wilshire Boulevard, Suite 900 |
| | Beverly Hills, CA 90212 |
| | Telephone: (310) 492-4392 |
| | Fax: (310) 492-4394 |
| | *elackman@cdas.com* |
| | *Attorneys for defendant Faze Clan Inc.* |

Eleanor M. Lackman, Esq., No. 298594
*elackman@cdas.com*
COWAN, DeBAETS, ABRAHAMS,
& SHEPPARD LLP
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 492-4392
Fax: (310) 492-4394

Attorneys for Defendant
Faze Clan Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAZE APPAREL, LLC, | ) |
| | ) Case No.: 5:18-cv-00625 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OF POINTS** |
| v. | ) **AND AUTHORITIES IN SUPPORT** |
| | ) **OF FAZE CLAN INC.'S MOTION** |
| FAZE CLAN, INC. and DOES 1 through | ) **TO DISMISS, STAY, OR IN** |
| 25, inclusive, | ) **THE ALTERNATIVE,** |
| | ) **TRANSFER** |
| Defendant(s). | ) |
| | ) Judge: Hon. Lucy H. Koh |
| | ) Courtroom: 8 |
| | ) Date: July 5, 2018 |
| | ) Time: 1:30 p.m. |

# INTRODUCTION

Plaintiff Faze Apparel, LLC ("FA") has initiated the instant proceeding in an improper attempt to manufacture "first to file" status. Aware that defendant Faze Clan Inc. ("FC") was prepared to file its own federal complaint in the Central District of California pending the outcome of ongoing settlement discussions, FA raced to file its own, mirror-image complaint (Dkt. No. 1, the "Complaint" or "Cplt.") in the Northern District of California. While the first to file rule would otherwise provide that the instant litigation should proceed rather than FC's subsequently-filed Central District of California litigation, application of this rule is neither rigid nor inequitable. Courts need not apply the rule when, as is the case here, the filing of the first lawsuit evidences bad faith, anticipatory suit, or forum-shopping. Accordingly, FA's transparently preemptive Complaint should be dismissed, or this proceeding stayed pending the outcome of the Central District of California lawsuit initiated by FC. In the alternative, this litigation should be transferred to the Central District of California, which is the more convenient forum for this action.

# STATEMENT OF ISSUES TO BE DECIDED

(1) Should the instant action be dismissed or stayed under the first to file rule in favor of FC's contemporaneously-filed Central District of California lawsuit because FA initiated this action in anticipation of litigation?

(2) If the instant action is not dismissed or stayed, should it be transferred to

the Central District of California in light of the convenience to the parties and witnesses, and in the interest of justice?

## STATEMENT OF FACTS

FC is an electronic sports ("eSports") organization that, among other things, sells apparel and related accessories to fans of FC's multiple eSports teams. Cplt. ¶¶ 3, 7. FA is a men's clothing brand and store that, over the past three years, has sent numerous cease and desist letters, to both FC and FC's business partners regarding FC's use of its name on apparel products. Cplt. ¶¶ 2, 5, 46, 49. FA has also opposed or otherwise sought to prevent FC's trademark applications for registration of its name. Cplt. ¶ 37-38.

Over the past several years, FA has engaged in a pattern of transmitting demand letters through various law firms, asserting rights it does not have. Declaration of Eleanor M. Lackman dated February 12, 2018 ("Lackman Decl."), ¶ 2. FC has been unable to gain settlement transaction with any particular law firm as, in each instance, FA fails to follow through on its previously-asserted demands, only to subsequently reemerge with a new set of demand letters, transmitted from a new law firm. *Id.* In light of this pattern, and in an attempt to fully and finally resolve the parties' ongoing dispute, FC contacted FA with a final settlement offer on January 26, 2018. *Id.* ¶ 3, Ex. 1 (the "Letter"). FC sent a ready-to-file complaint along with its Letter. *Id.*, ¶ 4, Ex. 2 (the "FC" Complaint"). FC's Letter proposed detailed settlement terms, and

requested a response to its settlement offer by February 2, 2018.  *Id.*, ¶ 3, Ex. 1.  FA acknowledged receipt of FC's Letter on January 29, 2018, the same date on which it filed the Complaint that initiated the instant litigation.  *Id.*, ¶ 5, Ex. 3.  FC filed the FC Complaint in the Central District of California the following day.  *Id.*, ¶ 6, Ex. 4.

## ARGUMENT

### A. The "First to File" Rule May Be Set Aside When the First Suit is Motivated by Bad Faith, Anticipatory Suit, or Forum Shopping

With its preemptive filing, FA purports to establish that this District is the proper venue for litigating its trademark dispute with FC.  In a normal case unlike the one before this Court, the first to file rule "permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."  *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982)); *see also Creative Nail Design, Inc. v. Mycone Dental Supply Co.,* No. 11 CV 1658-CAB WMC, 2012 WL 2106212, at *2 (S.D. Cal. June 11, 2012).  However, in light of the facts and FA's clear anticipatory filing, this is a case in which the first to file rule should not apply.

As a threshold matter, the "most basic aspect" of the first to file rule is that its application is discretionary.  *Alltrade, Inc. v. Uniweld Prods. Inc.,* 946 F.2d 622, 628 (9th Cir. 1991).  Exceptions to this rule "are not rare," and are permitted "when justice or expediency requires." *Genentech, Inc., v. Eli Lilly and Co.*, 998 F.2d 931, 937

(Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995). In particular, the rule may be set aside for equitable reasons when the filing of the first suit evidences bad faith, anticipatory suit, or forum shopping. *Inherent.com,* 420 F. Supp. 2d at 1097; *see also Alltrade,* 946 F.2d at 628 ("The circumstances under which an exception to the first to file rule typically will be made include bad faith, anticipatory suit, and forum shopping.") (internal citations removed); *First Fishery Dev. Serv., Inc. v. Lane Labs USA, Inc.,* No. CIV. 97-1069-R, 1997 WL 579165, at *2 (S.D. Cal. July 21, 1997) ("Because of the strong public policy against preemptive forum shopping, [o]ne equitable consideration in such decision is whether the [first] action was filed in apparent anticipation of [another] pending proceeding." (internal citation removed)).

Improper "anticipatory" suits arise when a plaintiff in the first-filed action files suit "on receipt of specific, concrete indications that a suit by the defendant was imminent." *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006) (internal citations removed). This is the case here. While FC was "prepared to pursue a lawsuit" following years of FA's continued, legally baseless interference, FC first attempted to settle the matter without burdening a federal court with a lawsuit, and should "not be deprived of the first-filed benefit's rule simply because [FA] used the resulting delay in filing to proceed with the mirror image of the anticipated suit." *Geringer v. Strong*, No. 2:15-cv-08696-CAS (GJSx), 2016 WL 2732134, at *7

(C.D. Cal. May 9, 2016) (internal citation removed).  FA's decision to file suit was "triggered by" FC's Letter, which sought to settle the parties' dispute, while notifying FA that FC was prepared to file a federal lawsuit if a settlement could not be reached. *Xoxide,* 448 F. Supp. 2d at 1193.  In such circumstances, "equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first." *Id.* (citing *Z-Line Designs, Inc. v. Bell'O Int'l LLC,* 218 F.R.D. 663, 667 (N.D. Cal. 2003)).

### B. FA's Complaint Should be Dismissed as an Inequitable Anticipatory Suit

FA's complaint is a clear example of the type of anticipatory filing courts have historically rejected when undertaking a first to file analysis.  The Letter sent by FC to FA explicitly stated that, unless an agreement was reached between the parties, FC would proceed with litigation. Further, the Letter detailed exactly when the FC Complaint would be filed, identifying a deadline of five business days from the date of the Letter.  The Letter also included a draft of the FC Complaint for FA's review. Just three days after receiving the Letter, and acting on "receipt of specific, concrete indications that a suit by [FC] was imminent," FA filed its Complaint. *Callaway Golf Co. v. Corporate Trade Inc.,* 09 CV 384 L(POR), 2010 WL 743829 (S.D. Cal. Mar. 1, 2010) (internal citation removed); *see also Creative Nail Design, Inc.,* 2012 WL 2106212, at *2 (defendant's sending letter attaching draft complaint constituted "concrete indication" that defendant intended to imminently file a lawsuit).

At its core, FA's Complaint is the mirror-image of FC's declaratory judgment complaint. As an initial matter, the instant action and the Central District of California action involve the same parties, FA and FC. Moreover, each proceeding seeks to ascertain the scope of FC's rights in the FAZE CLAN trademark, including FC's right to use the trademark in connection with clothing and related merchandise. The only difference between the two proceedings is that the instant action primarily involves affirmative claims of trademark infringement, whereas the Central District of California suit is a declaratory judgment action, seeking a declaration of non-infringement of the trademarks that FA asserts in its Complaint.

FA's filing attempts to circumvent and undermine the spirit and purpose of the first to file rule, and permitting FA's claim to proceed would be an inappropriate endorsement of anticipatory filings. Indeed, a party prepared to pursue a lawsuit that first attempts settlement discussions should not be deprived of the first to file rule, or "potential plaintiffs would be discouraged from first attempting to resolve their claims without resorting to litigation." *Geringer*, 2016 WL 2732134, at *7 (internal citation removed). FC certainly could have chosen to not send the Letter and simply file a complaint itself, as evidenced by the draft FC Complaint attached to the letter. Instead, FC sought to resolve this matter without burdening a federal court. FC should not now be "unreasonably penalize[d]" for attempting to "resolve the dispute before filing suit." *Xoxide, Inc.*, 448 F. Supp. 2d at 1194 (citing *Inherent.com*, 420 F.

Supp. 2d at 1100).

### C. In the Alternative, this Case Should be Transferred to the Central District of California Pursuant to 28 U.S.C. § 1404

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to another district "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see also Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000) ("Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.") (internal citations removed).  To assess whether transfer is appropriate under Section 1404(a), courts first determine whether the case could have been brought in the proposed transferee district. *Ponomarenko v. Shapiro,* No. 16-cv-02763-BLF, 2018 WL 707597, at *10 (N.D. Cal. Feb. 5, 2018).  If the case could have been brought in the transferee district, courts next consider whether a transfer would achieve the stated goals of Section 1404(a) – the convenience of parties and witnesses, and the interest of justice. *Id.*

Courts in this district weigh multiple factors to assess whether a transfer will satisfy the elements of Section 1404(a): (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the ease of access to the evidence; (5) the familiarity of each forum with the applicable law; (6) the feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. *LED One*

*Distribution, Inc. v. C.S. Koida LLC,* No. 16-cv-4315-PJH, 2017 WL 2021365, at *3 (N.D. Cal. May 12, 2017).

Taken together, these factors all weigh in favor of transferring the instant dispute to the Central District of California, a district in which this litigation could have – and indeed, as described above, effectively has been – filed.[1] While FA chose to file the instant lawsuit in the Northern District of California, its filing is improper and anticipatory, and should be accorded little weight. *See Italian Colors Rest. v. Am. Express Co.,* No. C 03-3719 SI, 2003 WL 22682482, at *4 (N.D. Cal. Nov. 10, 2003) ("[T]he Ninth Circuit has established that courts should disregard a plaintiff's forum choice where the suit is a result of forum-shopping."). Moreover, while FA is based in the Northern District, FC has no connection to the Northern District of California; rather, it is based in the Central District. Accordingly, the second factor is, at best, neutral. However, the third and fourth factors weigh in favor of transfer, as nearly all relevant FC corporate witnesses and documents (including those reflecting FC's use of the FAZE CLAN trademark) are located in the Central District. It would be inconvenient to require multiple FC witnesses to travel to the Northern District in connection with this lawsuit. Conversely, it would inconvenience FA less to litigate in, and travel to, the Central District, as FA appears to be comprised of only two

---

[1] The Central District of California has personal jurisdiction over FA because it is authorized to do business in that District, and transacts business in that District. Cplt. ¶ 5. Additionally, venue is proper in that District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to FC's claims occurred in that District.

individuals.

The remaining factors are neutral to this transfer analysis, as both the Northern and Central Districts are equally familiar with the applicable law (factor five); no claims to consolidate with this case exist (factor six); neither district has a stronger interest in the instant litigation (factor seven); and neither district is more or less congested, or likely to adjudicate the parties' claims sooner (factor eight).

Therefore, in the event that the Court does not dismiss or stay this action pursuant to the first to file rule, it should transfer this case to the Central District, where it may be consolidated with FC's pending suit.

## CONCLUSION

For the reasons stated herein, Faze Clan Inc. respectfully requests that Faze Apparel, LLC's complaint be dismissed, stayed, or transferred to the Central District of California.

Dated: February 12, 2018

Respectfully submitted,

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
By: /s/ Eleanor M. Lackman
Eleanor M. Lackman, Esq., No. 298594
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 492-4392
Fax: (310) 492-4394
elackman@cdas.com

*Attorneys for defendant Faze Clan Inc.*