Eleanor M. Lackman, Esq., No. 298594
*elackman@cdas.com*
COWAN, DeBAETS, ABRAHAMS,
& SHEPPARD LLP
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 492-4392
Fax: (310) 492-4394

Attorneys for Defendant
Faze Clan Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAZE APPAREL, LLC, | ) |
| | ) Case No.: 5:18-cv-00625(LHK) |
| Plaintiff, | ) |
| | ) **DECLARATION OF ELEANOR M.** |
| v. | ) **LACKMAN IN SUPPORT OF** |
| | ) **FAZE CLAN INC.'S MOTION** |
| FAZE CLAN, INC. and DOES 1 through | ) **TO DISMISS, STAY, OR IN** |
| 25, inclusive, | ) **THE ALTERNATIVE,** |
| | ) **TRANSFER** |
| Defendant(s). | ) |
| | ) |

1

2

## DECLARATION OF ELEANOR M. LACKMAN

ELEANOR M. LACKMAN declares as follows:

3

4

5

6

1.  I am a member of the law firm of Cowan, DeBaets, Abrahams & Sheppard LLP, attorneys for defendant Faze Clan Inc. ("FC") in this proceeding.  I am admitted to practice before this Court.  I make this declaration in support of FC's Motion to Dismiss, Stay, or in the Alternative, Transfer.

7

8

9

10

11

12

2.  Over the past several years, through multiple law firms, plaintiff Faze Apparel, LLC ("FA") has transmitted demand letters regarding FC's use of its name in connection with apparel and related merchandise.  FC has been unable to gain settlement traction with any particular law firm as, in each instance, FA fails to follow through on its previously-asserted demands, only to subsequently reemerge with a new set of demand letters, transmitted by a new law firm.

13

14

3.  On January 26, 2018, I sent a letter on behalf of FC to counsel for FA.  Attached hereto as Exhibit 1 is a true and correct copy of this letter.

15

16

4.  My letter to FA's counsel attached a draft of a ready-to-file complaint.  Attached hereto as Exhibit 2 is a true and correct copy of this complaint.

17

18

19

20

5.  On January 29, 2018, I received a letter from FA's new counsel, acknowledging receipt of my January 26, 2018 letter, and forwarding a copy of the as-filed complaint initiating the instant action. Attached hereto as Exhibit 3 is a true and correct copy of this letter.

21

22

23

6.  On January 30, 2018, FC filed its complaint in the Central District of California. Attached hereto as Exhibit 4 is a true and correct copy of the as-filed complaint.

24

I declare under penalty of perjury that the foregoing is true and correct.

25

26

27

28

DECLARATION OF ELEANOR M. LACKMAN IN SUPPORT OF DEFENDANT FAZE CLAN INC.'S MOTION TO
DISMISS, STAY, OR IN THE ALTERNATIVE, TRANSFER – CASE NO.: 5:18-CV-00625 (LHK)

Executed on:  February 12, 2018
New York, New York

_____

Eleanor M. Lackman

DECLARATION OF ELEANOR M. LACKMAN IN SUPPORT OF DEFENDANT FAZE CLAN INC.'S MOTION TO
DISMISS, STAY, OR IN THE ALTERNATIVE, TRANSFER – CASE NO.: 5:18-CV-00625 (LHK)

# Exhibit 1



| COWAN, | 41 MADISON AVENUE | ELEANOR M. LACKMAN |
| DEBAETS, | NEW YORK, NY 10010 | 212 974 7474 ext. 1958-59 |
| ABRAHAMS & | T: 212 974 7474 | elackman@cdas.com |
| SHEPPARD LLP | F: 212 974 8474 | |
| | www.cdas.com | |

*Confidential Settlement Communication – Subject to FRE 408 and Other Privileges*

January 26, 2018

**VIA E-MAIL (alauridsen@kcker.com)**

R. Adam Lauridsen, Esq.
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA  94111-1809

Re:     Claims Against Faze Clan Inc.

Dear Mr. Lauridsen:

As you are aware, our firm represents Faze Clan Inc. ("FC").  My partner, Joshua Sessler, has provided me with the background regarding your client's claims over the years to FC, as well as parties with whom it does business.  This matter is on my desk because we now treat it as a litigation matter.  Please include me on all future correspondence.

I have reviewed the claims in your letter – along with those asserted by two other law firms previously retained by your client Faze Apparel, LLC's ("FA").  Suffice it to say that the claims are meritless, and FA's accusations against FC and its partners are unfounded.  We find it telling that your client has not taken formal steps to enforce its rights despite nearly five years of coextensive use of the parties' marks for clothing and despite over two years of letter-writing, yet FA seems to believe that it is appropriate to continue to harass FC and its partners with empty threats.  That FA is now filing trademark applications for goods and services that it has not used and has no *bona fide* intent to use demonstrates your client's bad faith attempts to capitalize on the fame that FC has earned in the eSports and related businesses and/or portends further interference from your misguided client.

It is time to resolve this matter once and for all.  Therefore, we intend to file the attached complaint for declaratory relief in California federal court within the next **five (5) business days** unless we reach agreement on the following material terms which are offered solely in the interest of avoiding the time and expense of litigation:

1.     FC will pay FA $50,000
2.     FC will not use or register "FAZE" alone in connection with clothing, accessories, or retail store services
3.     FA will provide FC with a full release, and will not challenge, oppose, continue to oppose, or otherwise interfere with any FC current trademark applications or registrations, or any future use or future applications or registrations owned by FC that do not consist of "FAZE" alone in connection with the goods and services covered by U.S. Reg. No. 4,550,118 or U.S. Serial No. 87/520,638
4.     FC will not oppose FA's current applications
5.     FA will not use "FAZE" or any variation thereof in conjunction with the goods and services set forth in the attached Exhibit A
6.     If either party's marks are cited against the other's in conjunction with prosecution at the USPTO, the party whose mark is cited will provide a letter of consent



COWAN,
DEBAETS,
ABRAHAMS &
SHEPPARD LLP

PAGE 2

7.   FA will refrain from interfering with any FC business relationships and will agree to allow FC to notify the parties whom FA contacted that the matter has been resolved

8.   FA will not disparage FC or its partners; to the extent any third party identifies FC to FA, FA shall respond with a statement consisting of or similar to: "Faze Apparel is an apparel company that has been around since 2008. We have nothing to do with the Faze Clan e-gaming and eSports lifestyle brand and related eSports teams."

9.   In the event of breach of any of the above conditions by FA, FC plans to file an action for declaratory judgment consistent with the enclosed Complaint

This is provided to your client as a final opportunity to avoid finding itself in a federal lawsuit. Accordingly, FC's offer is made in a manner that is not negotiable in any material way. If the above is not acceptable to FA, we will proceed with litigation.

The foregoing is made without prejudice and is not a complete statement of the facts or positions in this matter.

We look forward to hearing from you.

Sincerely yours,

Eleanor M. Lackman

cc:   Joshua B. Sessler, Esq.
      Faze Clan Inc.

Encl.

CDAS

COWAN,

DEBAETS,

ABRAHAMS &

SHEPPARD LLP

## Exhibit A

### Exclusive Gaming and eSports-Related Goods and Services

- Computer-related items, including, but not limited to:
    - Central processing units (CPU)
    - Computer bags
    - Computer chassis
    - Computer game instruction manuals
    - Computer gaming software for recreational game playing purposes
    - Computer keypads
    - Computer programs for pre-recorded games
    - Computer software for wireless content delivery
    - External computer hard drives
    - Headsets for use with computers
    - Mouse pads
    - Personal computers
    - Portable computers
- Downloadable electronic game software for use on mobile phones
- Marketing and promotional services for the video game industry
- Online videos featuring video game playing, music, sports and gaming lifestyle content, not downloadable
- Protective sleeves for laptop computers
- Sporting goods, namely, golf balls, golf bags, golf clubs, golf club covers, bowling balls, footballs, soccer balls, hockey skates, hockey goals, hockey gloves, hockey stick blades, hockey stick shafts, ice hockey sticks, ice hockey goalie pads, hockey pucks, cricket balls, cricket bats, baseballs, baseball bats, baseball bases, baseball bat bags, baseball gloves
- Video game-related items, including, but not limited to:
    - Downloadable virtual goods, including, emojis, stickers, badges, characters, weapons, clothes and accessories for use in video games
    - Entertainment services, including providing online, non-downloadable virtual goods, consumable in-game items, and functional in-game items, including, upgrade items in the nature of resources for use in virtual environments created for entertainment and online game playing purposes
    - Game controllers for computer and console games
    - Game controllers in the nature of keyboards for computer games
    - Gaming mice
    - Interactive online training services in the field of video games and video gaming
    - Joysticks for video games
    - Video and computer game programs
    - Video game competitions and tournaments
    - Video gaming consoles for playing computer games
- Virtual goods, including, but not limited to, emojis, stickers, badges, characters, weapons, clothing and accessories for use in online virtual worlds
- Websites through which people can locate information about tournaments, events, and competitions in the video game field

# Exhibit 2

1  Eleanor M. Lackman, Esq., No. 298594
2  *elackman@cdas.com*
   COWAN, DᴇBAETS, ABRAHAMS,
3  & SHEPPARD LLP
4  9595 Wilshire Boulevard, Suite 900
   Beverly Hills, CA 90212
5  Telephone: (310) 492-4392
   Fax: (310) 492-4394
6
7  Attorneys for Plaintiff
   Faze Clan Inc.
8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11  FAZE CLAN INC., a Delaware            )
    corporation,                          ) Case No.: _____
12                                        )
13           Plaintiff,                   )
                                          ) **COMPLAINT FOR**
14       v.                               ) **DECLARATORY JUDGMENT**
                                          ) **AND INJUNCTIVE**
15  FAZE APPAREL, LLC, a California       ) **RELIEF**
16  limited liability company,            )
                                          )
17           Defendant.                   )
                                          )
18  ━━━━━━━━━━━━━━━━━━━━━━━━━━━            )

19
20       Plaintiff Faze Clan Inc. ("Plaintiff"), by their attorneys Cowan, DeBaets,

21  Abrahams & Sheppard LLP, complain and allege against defendant Faze Apparel,

22  LLC ("Defendant") as follows:

23

24                  **NATURE OF THE CLAIMS**

25       1.      This is an action for declaratory judgment that arises under the Lanham

26  Act, 15 U.S.C. §§ 1051, *et seq.*, and California state and common law.

27

28                              1

2.     Plaintiff's business was founded in 2010 and has become one of the most successful video game or 'eSports' organizations in the world, managing numerous professional teams under the name FAZE CLAN including, without limitation, eSports teams that play the video games Call of Duty, Counter-Strike: Global Offensive, and Overwatch.  In addition, Plaintiff uses its FAZE CLAN trademark in connection with various merchandise products, including team jerseys and other clothing items, pertaining to Plaintiff's well-known eSports teams.

3.     Defendant is a men's clothing store that sells street wear apparel under the brand name "Faze" and under a logo with a triangular design and the stylized letters "F.A.Z.E."  Over the course of more than two-and-a-half years, and through at least three law firms, Defendant has interfered with Plaintiff's business relationships and Plaintiff's ability to register its FAZE CLAN trademark, based on Plaintiff's purported infringement of Defendant's asserted trademark and other rights.

4.     Defendant's repeated and unsubstantiated allegations of trademark infringement have impeded Plaintiff's ability to conduct and expand its business. Plaintiff now seeks a declaration of non-infringement of any rights Defendant may have in and to Defendant's asserted FAZE trademarks.

**JURISDICTION AND VENUE**

5.     This action asserts claims arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338.

6.     This Court has personal jurisdiction over Defendant because it is authorized to do business in in this District and upon information and belief regularly transacts business in this District.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claim occurred in this District.

**THE PARTIES**

8.     Plaintiff is a Delaware corporation, with its principal place of business at 7288 Mulholland Drive, Los Angeles, CA 90068.

9.     On information and belief, Defendant is a California corporation, authorized to do business in this District, with its principal place of business at 3236 21st Street, San Francisco, CA 94110.

**FACTUAL BACKGROUND**

**Plaintiff Faze Clan and Its Rights**

10.     Plaintiff is a professional eSports organization that fields teams in various video game competitions.

11.    The principals of Plaintiff began posting eSports videos in 2010 and first participated in public video game competitions in 2011.  The videos and the competitions quickly developed large numbers of online followers, and soon thereafter Plaintiff began selling clothing and merchandise bearing the FAZE CLAN mark.

12.    In 2016, Plaintiff's team was one of only twenty-four teams invited to participate in Turner Broadcasting System, Inc.'s ("Turner") ELEAGUE, an eSports league featuring teams from around the world competing annually in two, ten-week league seasons.  Plaintiff was invited to participate in ELEAGUE's second season, and fielded one of only eight teams to qualify for the playoff round that season.

13.    Plaintiff has a significant online following.  Over 4.6 million users subscribe to Plaintiff's YouTube channel; Plaintiff's Twitter account similarly has over 3.36 million followers.

14.    Plaintiff's success is due not only to its competitive and successful eSports teams but also to its creative and innovative video publishing services and the goodwill associated with the trademark under which Plaintiff provides such services.

15.    Since 2010, Plaintiff has provided its video services to the public using the trademark FAZE CLAN® (the "FAZE CLAN ® Mark") in order to distinguish its services from those offered by others.  The FAZE CLAN® Mark is registered with

the U.S. Patent and Trademark Office ("USPTO") (Registration No. 4,906,907) in class 41 for production of videos featuring video games.

16.    Plaintiff has invested substantial time and resources in developing and promoting its services under the FAZE CLAN® Mark.  As a result of these efforts, Plaintiff has developed considerable goodwill: the gaming community readily identifies the FAZE CLAN® Mark as signifying the talented eSports players and related creatives that comprise Plaintiff's organization.

17.    Plaintiff obtained federal registration of the FAZE CLAN® Mark in July of 2013, indicating a date of first use at least as early as December 2011.  Plaintiff's common law trademark rights date back to June of 2010.

18.    Plaintiff also uses its FAZE CLAN® Mark in connection with the sale of clothing and accessories that are targeted to Plaintiff's fans.

19.    Plaintiff has sold its FAZE CLAN®-branded clothing and accessories online since 2010, including through its website, fazeclan.com, which prominently displays the text "FaZe Clan" on every page of the website, including the checkout page.

**<u>Defendant's Clothing Business and Claimed Rights</u>**

20.    Defendant is a men's clothing brand and clothing store, offering for sale street wear apparel under the trademark FAZE (U.S. Reg. No. 4,550,118 (the "FAZE

Word Mark") and U.S. Reg. No. 3,680,738 (the "FAZE Design Mark," collectively, the "FAZE® Apparel Marks")).

21.    Defendant applied for registration of the FAZE Word Mark on March 5, 2013.

22.    The FAZE Word Mark matured into registration on June 17, 2014, and covers a-shirts, baseball caps and hats, beanies, button down shirts, crew neck sweaters, hooded sweatshirts, shirts, sweatshirts, sweaters, and t-shirts in International Class 25, and claims a first use date of December 14, 2007.

23.    Defendant applied for registration of the FAZE Design Mark on February 22, 2008.  The FAZE Design Mark is comprised of the following design:



24.    The FAZE Design Mark matured into registration on September 8, 2009, covering a-shirts, canvas shoes, denims, dress shirts, leather shoes, long-sleeved shirts, pants, polo shirts, shirts, shoes, short-sleeved or long-sleeved t-shirts, sweat shirts, t-shirts, sweatshirts, t-shirts, hats, underwear and socks in International Class 25, and claiming a first-use date of December 14, 2007.

25.    As evidenced by the FAZE Design Mark above, Defendant's trademark is an acronym, which stands for the phrase "<u>F</u>earless <u>A</u>nd <u>Z</u>ealous <u>E</u>veryday" [*sic*].

26.     Upon information and belief, Defendant sells its clothing and related accessories through its physical store in San Francisco, California, and through its website, fazeapparel.com.

**Defendant's Challenges Regarding Plaintiff's Name**

27.     On July 24, 2013, Plaintiff applied for registration of the word mark FAZE CLAN (Serial No. 86/018,225) for clothing, namely t-shirts, long and short sleeved shirts, hooded sweatshirts, and sweatshirts in International Class 25, and production of musical videos featuring video games and video production services in International Class 41 with a date of first use in commerce of March 12, 2013. Finding no conflicting marks in either International Class 25 or 41, the USPTO published the application for opposition on September 15, 2015.

28.     On September 16, 2015, Defendant filed a Notice of Opposition to this application, asserting actual confusion with Defendant's FAZE® Apparel Marks with respect to International Class 25 (the "2015 Opposition Proceeding").

29.     Plaintiff did not respond to Defendant's Notice of Opposition and, accordingly, the USPTO entered a default, sustaining the opposition as to Class 25 only.

30.     The 2015 Opposition Proceeding was not the first instance of Defendant's interference with either Plaintiff's business or use of its FAZE CLAN® Mark.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

31.    Prior to the 2015 Opposition Proceeding, Defendant began sending demand letters to a variety of parties, including Plaintiff and Plaintiff's business partners.

32.    On October 7, 2014, Defendant sent a cease and desist letter to Comeupins, LLC d/b/a Electronic Gamers' League ("Comeupins"), which manufactures and distributes apparel for eSports teams, claiming that Comeupins' sale of Plaintiff's apparel "continues to create confusion in the marketplace." Defendant demanded that Comeupins cease and desist from the further sale of any products bearing Plaintiff's FAZE CLAN ® Mark, and represented that it would "not hesitate to take appropriate steps to protect its legal rights."

33.    Comeupins replied on October 22, 2014, stating it "is not aware of any actual confusion between Comeupins use of the Faze Clan Mark and [Defendant's] use of the Faze Apparel Mark."

34.    Upon information and belief, Defendant did not send a follow-up letter to Comeupins.

35.    Nearly fourteen months later, on January 14, 2016, Defendant sent a cease and desist letter to Plaintiff, claiming that Plaintiff's "[a]ttempted registration and illegal use of [Defendant's FAZE® Apparel Marks] . . . constitutes blatant trademark infringement, unfair competition, dilution, infringement of publicity rights and other causes of action under United States . . . law."

36.     Despite the wide array of claims asserted, Defendant's letter complained primarily about Plaintiff's ornamental use of the terms "FAZE," "FAZE CLAN" or "FAZECLAN," on eSports-related merchandise clearly labeled as coming from Plaintiff.

37.     Defendant demanded that Plaintiff "immediately cease and desist all use of the [FAZE® Apparel] Marks and stop selling, distributing, and/or advertising any merchandise" bearing the FAZE® Apparel Marks.

38.     Defendant sent a follow-up letter to Plaintiff on March 8, 2016, repeating its demands and noting that it would be "sending cease and desist letters" to unspecified recipients.

39.     Several months later, on June 6, 2016, Defendant sent a cease and desist letter to Turner in connection with Plaintiff's participation in Turner's ELEAGUE.

40.     In its letter to Turner, Defendant maintained that it had used the FAZE® Apparel Marks since 2007 in connection with the sale of "apparel, garments, accessories, culture, lifestyle, and sports."

41.     A review of Defendant's website, however, reveals that Defendant uses its FAZE® Apparel Marks solely in connection with the sale of apparel and related accessories.  *See* Exhibit A (screenshots of Defendant's website).

42.     In its letter to Turner, Defendant maintained, without legal basis, that Plaintiff is "not permitted to use the FAZE [Apparel] Marks on any apparel, garments, accessories, or other products."

43.     Defendant additionally referred to alleged "actual and frequent confusion caused by [Plaintiff's] use of "faze" in association with its [sic] gaming league." Defendant maintained that it was "already being contacted by the public inquiring about [Defendant's] participation in [ELEAGUE]."

44.     In its letter to Turner, Defendant also misrepresented the 2015 Opposition Proceeding, suggesting that the Trademark Trial and Appeal Board had "denied" Plaintiff's "attempt to gain the registration of FAZE for apparel" based on an adjudication on the merits of Defendant's claim.

45.     Defendant concluded its letter by demanding that Turner and its partner, WME | IMG, "terminate [Defendant] from the [ELEAGUE] tournament."

46.     Plaintiff's counsel contacted Defendant's counsel via letter on June 16, 2016, explaining that Defendant's excessive demand that Turner terminate Plaintiff from participating in Turner's ELEAGUE competition was both legally baseless and potentially actionable as tortious interference with Plaintiff's contractual relationships.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

47.     Indeed, Defendant's letter to Turner vastly overstated Defendant's legal rights, as neither Defendant's website nor its letter identified any connection between Defendant's products and eSports, video games, or gaming generally.

48.     Moreover, Defendant's letter disregarded Plaintiff's trademark registrations for video games and gaming—the precise focus of Plaintiff's relationship with Turner and ELEAGUE.

49.     Given the absence of any legal rights in this arena, Defendant had no basis on which to plausibly assert that Plaintiff's "gaming activities" and activities in connection with the ELEAGUE were or are likely to cause consumer confusion.

50.     Undeterred, on January 4, 2017, Defendant contacted manufacturer Arma Centrum, Ltd. ("Arma"), demanding that Arma cease and desist from the continued production of Plaintiff's FAZE CLAN team jerseys.

51.     As in its letter to Turner, Defendant's letter to Arma misrepresented the 2015 Opposition Proceeding, suggesting that the Trademark Trial and Appeal Board had "denied" Plaintiff's "attempt to gain the registration of FAZE for apparel and accessories" based on an adjudication on the merits of Defendant's claim.

52.     On January 5, 2017, Turner's ELEAGUE partner, WME | IMG, informed Plaintiff that, due to an ongoing "trademark issue," Turner and WME | IMG would no longer be selling Plaintiff's FAZE CLAN team jerseys through Turner's ELEAGUE website.

53.   On April 20, 2017, over a year since it had last tried contacting Plaintiff, Defendant sent yet another cease and desist letter to Plaintiff, demanding compensation for Plaintiff's alleged infringement of Defendant's asserted trademark rights.  In a continuing attempt to interfere with Plaintiff's business relationships, Defendant copied counsel for Plaintiff's business partners, WME | IMG, Major League Gaming Corp., and Comeupins, on its letter.

54.   Through its letters, Defendant has demanded hundreds of thousands of dollars in claimed damages purportedly resulting from Plaintiff's use of its longstanding FAZE CLAN name on team-related merchandise.

**Plaintiff's Newly-Filed Trademark Applications**

55.   On February 14, 2017, Plaintiff filed several applications for registration of FAZE CLAN (U.S. Application Serial Nos. 87/335,175, 87/335,668, and 87/332,787, collectively, the "FAZE CLAN Applications") for, generally, downloadable computer games, and computer hardware and software in International Class 9; jewelry and watches in International Class 14; decals and posters in International Class 16; backpacks and luggage items in International Class 18; cups and water bottles in International Class 21; clothing, including sports jerseys, and related accessories in International Class 25; computer game consoles and related hardware, sporting goods, and toys in International Class 28; retail store services featuring virtual goods and eSports lifestyle goods, and marketing and promotional

services for the video game industry in International Class 35; and providing certain online content, including eSports videos and information concerning video game competitions, in International Class 41.

56.    On May 9, 2017, the examiner assigned to Serial No. 87/332,787 issued an Office Action, preliminarily refusing registration.  The Office Action did not cite likelihood of confusion with a previously registered trademark as a basis for refusing registration.

57.    On September 11, 2017, the Office of the Deputy Commissioner for Trademark Examination Policy filed a Letter of Protest Memorandum in connection with Serial No. 87/332,787, stating that Defendant had filed a Letter of Protest based on a purported likelihood of confusion with the FAZE® Apparel Marks.  On September 13, 2017, the USPTO issued an Office Action in connection with this application, refusing registration on this same basis.

58.    That same date, the Office of the Deputy Commissioner for Trademark Examination Policy filed a Letter of Protest Memorandum in connection with a second FAZE CLAN Application, Serial No. 87/335,668, stating that Defendant had filed a Letter of Protest based on a purported likelihood of confusion with the FAZE® Apparel Marks.  On September 13, 2017, the USPTO issued an Office Action in connection with this application, refusing registration on this same basis.  While the examining attorney assigned to Serial No. 87/335,668 had previously issued an

13

Office Action in connection with this application, the previous Office Action did not cite likelihood of confusion with a previously registered trademark as a basis for refusing registration.

59.    Defendant has also sought to prevent registration of the third FAZE CLAN Application, filing a Notice of Opposition in connection with Serial No. 87/335,175 on November 22, 2017.

60.    Defendant has itself recently filed a new trademark application, Serial No. 87/520,638, seeking coverage for goods as disparate as clocks (in International Class 14), calendars, notepads, and pens (in International Class 16), and sports jerseys (in International Class 25), asserting a date of first use of December 14, 2007 for all listed goods and services—despite the fact that Defendant is a clothing apparel store that has only ever offered men's clothing basics.

61.    Asserting to the USPTO that goods have been offered or sold in commerce when they have not been constitutes fraud on the Trademark Office.

62.    Defendant takes the legally unsupported position that any use of the term "faze" in connection with clothing, even when displayed next to the word "clan," constitutes an infringement of Defendant's trademark rights.

63.    Defendant does not own trademark rights with respect to any use of the word "faze" plus another word (or words), in connection with the sale of clothing and related accessories.

14

64.    Moreover, Plaintiff's FAZE CLAN ® Mark is distinguishable in meaning and commercial impression from Defendant's FAZE ® Apparel Marks.  Whereas Defendant uses "faze" as an acronym, Plaintiff uses its FAZE CLAN® Mark to denote Plaintiff's team name, and Plaintiff's goods and services bearing the FAZE CLAN® Mark are sold and advertised for sale in close proximity with Plaintiff's team persona.

65.    Defendant's FAZE ® Apparel design mark is, furthermore, visually distinguishable from Plaintiff's word mark.

66.    Defendant's conduct, including its baseless demands that Plaintiff cease use of the FAZE CLAN® Mark in connection with the sale of clothing and related goods, its letters of protest filed with the USPTO in connection with Plaintiff's applications for registration of the FAZE CLAN® Mark, and its opposition to Plaintiff's application for registration of the FAZE CLAN ® Mark in International Class 18, has created a concrete dispute between the parties regarding Plaintiff's right to use and register the FAZE CLAN® Mark.

67.    Defendant's continued interference has, and will continue to have, serious negative consequences with respect to Plaintiff's business and, more specifically, with respect to Plaintiff's relationships with various eSports leagues, merchandise and clothing manufacturers, and sponsors, including prospective trademark licensees, thereby constituting actual harm and injury to Plaintiff.

68.    Declaratory relief will serve to clarify the scope of each party's legal rights with respect to Plaintiff's use of the FAZE CLAN® Mark.

## COUNT I – DECLARATION OF NON-INFRINGEMENT UNDER THE LANHAM ACT
**(15 U.S.C. § 1114)**

69.    Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

70.    An actual and justiciable controversy exists between the parties as to whether Plaintiff, based on its use of the FAZE CLAN® Mark, has infringed and is infringing on Defendant's asserted trademark rights in the FAZE® Apparel Marks.

71.    Plaintiff's use of the FAZE CLAN® Mark does not infringe, and at all times has not infringed, any existing and valid U.S. trademark registration owned by Defendant under the Lanham Act.

## COUNT II – DECLARATION THAT PLAINTIFF IS NOT UNFAIRLY COMPETING UNDER THE LANHAM ACT
**(15 U.S.C. § 1125(a))**

72.    Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

73.    Plaintiff's use of the FAZE CLAN® Mark does not infringe, and has not infringed, any existing and valid U.S. trademark owned by Defendant through common law use.

74.    Plaintiff's use of the FAZE CLAN ® Mark is not likely to cause, and has not caused, confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff's goods and services, or as to the origin, sponsorship, or approval of Plaintiff's goods and services under the Lanham Act.

## COUNT III - DECLARATION OF NON-DILUTION UNDER THE LANHAM ACT
### (15 U.S.C. § 1125(c))

75.    Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

76.    Defendant's FAZE ® Apparel Marks are not famous within the meaning of 15 U.S.C. § 1125(c)(1).

77.    Plaintiff's use of the FAZE CLAN ® Mark on and in connection with its goods and services does not, and is not likely to, dilute or impair the strength and distinctiveness of Defendant's FAZE ® Apparel Marks under 15 U.S.C. § 1125(c).

## COUNT IV – DECLARATION OF NON-INFRINGEMENT OF PUBLICITY RIGHTS
### (Cal. Civ. Code § 3344)

78.    Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

79.    Plaintiff's use of its FAZE CLAN ® Mark does not constitute knowing use of Defendant's name, voice, signature, photograph, or likeness within the meaning of Cal. Civ. Code § 3344.

80.    Plaintiff's use of its FAZE CLAN ® Mark does not infringe any right of publicity owned by Defendant pursuant to Cal. Civ. Code § 3344.

## COUNT V – DECLARATION OF NON-INFRINGEMENT OF PUBLICITY RIGHTS
### (California Common Law)

81.    Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

82.    Plaintiff's use of its FAZE CLAN ® Mark does not constitute use of Defendant's identity within the meaning of California common law.

83.    Plaintiff's use of its FAZE CLAN ® Mark does not constitute the appropriation of Defendant's name or likeness to Plaintiff's advantage within the meaning of California common law.

84.    Plaintiff's use of its FAZE CLAN ® Mark does not infringe any publicity right owned by Defendant under California common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

1.    That the Court declare that Plaintiff's use of the FAZE CLAN ® Mark does not infringe any existing and valid U.S. trademark registration of Defendant under the Lanham Act, 15 U.S.C. § 1114.

2.      That the Court declare that Plaintiff's use of the FAZE CLAN ® Mark does not infringe any existing and valid common law trademark of Defendant under the Lanham Act, 15 U.S.C. § 1125(a).

3.      That the Court declare that Plaintiff's use of the FAZE CLAN ® Mark is not likely to cause, and has not caused, confusion, mistake or deception as to the affiliation, connection, or association of Defendant with Plaintiff's goods and services, or as to the origin, sponsorship, or approval of Plaintiff's goods and services by Defendant under the Lanham Act, 15 U.S.C. § 1125(a).

4.      That the Court declare that Plaintiff's use of its FAZE CLAN ® Mark on and in connection with Plaintiff's goods and services does not, and is not likely to, dilute or impair the strength and distinctiveness of Defendant's FAZE ® Apparel Marks under 15 U.S.C. § 1125(c).

5.      That the Court declare that Plaintiff's use of its FAZE CLAN ® Mark does not infringe any right of publicity owned by Defendant pursuant to Cal. Civ. Code § 3344.

6.      That the Court declare that Plaintiff's use of its FAZE CLAN ® Mark does not infringe any publicity right owned by Defendant pursuant to California common law.

7.      That the Court order that Defendant, its officers, directors, employees, agents, affiliates, attorneys, representatives, and licensees, be enjoined and

permanently restrained from interfering with Plaintiff's use and registration of the

FAZE CLAN® Mark, and from opposing, seeking to cancel, or otherwise objecting to

any federal registration and applications for registration of the FAZE CLAN® Mark.

8.      That Plaintiff be awarded its reasonable attorney's fees and costs.

9.      That the Court award all such other and further relief as the Court may

deem just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable in this action.

Dated:      Beverly Hills, California
            January 26, 2018
                                    Respectfully submitted,


                                    COWAN, DEBAETS, ABRAHAMS
                                    & SHEPPARD LLP

                                    By: s/Eleanor M. Lackman
                                    Eleanor M. Lackman, Esq., No. 298594
                                    *elackman@cdas.com*

                                    9595 Wilshire Boulevard, Suite 900
                                    Beverly Hills, CA 90212
                                    Telephone: (310) 492-4392
                                    Telefax: (310) 492-4394

                                    *Attorneys for Plaintiff Faze Clan Inc.*

# Exhibit A





# Exhibit 3

# BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**Andrew Levine, Esq.**
levine@braunhagey.com

January 29, 2018

**VIA EMAIL AND FIRST CLASS U.S. MAIL**

Eleanor M. Lackman
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue
New York, NY 10010
Email: elackman@cdas.com

Re:     *FAZE Apparel, LLC v. FaZe Clan, Inc.,* No. 3:18-cv-00625 (N.D. Cal.)
        **Stipulation Re: Injunctive Relief and Duty Preserve Evidence**

Dear Ms. Lackman:

We serve as litigation counsel to Plaintiff FAZE Apparel, LLC ("FAZE Apparel") in the above-captioned trademark infringement action filed against FaZe Clan, Inc. ("FaZe Clan") in the Northern District of California (the "Complaint"). A courtesy copy of FAZE Apparel's complaint is attached for your reference.

We are in receipt of your January 26, 2018 letter to FAZE Apparel's former counsel.[1] Please direct all future correspondence to me. Though we appreciate FaZe Clan's belated offer to resolve the instant dispute, the terms outlined in your letter do not sufficiently address the damages and irreparable harm your client's ongoing and willful infringement of the FAZE® Marks[2] have caused; nor are the proposed terms proportional to the significant exposure your client faces for its willful infringement, including broad injunctive relief, damages (which likely will be trebled) and fee shifting. Any resolution will need to fully redress the damage and harms suffered by FAZE Apparel.

Putting aside your settlement overtures, we write to demand that FaZe Clan immediately cease its ongoing infringement of the FAZE® Marks. Settlement discussions can only proceed once the infringement has stopped and there are protections in place barring future infringement. To that end we have enclosed a Stipulation and [Proposed] Order for Preliminary Injunction ("Stipulation") for your review and signature.

---

[1] The timing of your letter is serendipitous given our preparations to file the enclosed complaint. We agree that it is time to "resolve this matter once and for all."

[2] As you are surely aware, FAZE Apparel is the owner of the federally registered trademarks FAZE® (Reg. No. 4550118) and F.A.Z.E.® (Reg. No. 3680738). Furthermore, FAZE Apparel owns longstanding common law rights in "FAZE"-formative marks including "FAZE" and "FAZE APPAREL," which it has used continuously since at least as early as 2007.

**San Francisco**
220 Sansome Street, 2nd Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

**New York**
7 Times Square, 27th Floor
New York, NY 10036-6524
Tel. & Fax: (646) 829-9403

January 29, 2018
Ms. Lackman
Page 2

As detailed in the Complaint, FaZe Clan's ongoing and willful infringement has caused and (unless it immediately ceases) will continue to cause FAZE Apparel significant damages. More troublingly, FaZe Clan's brazen misconduct is creating confusion among consumers that has irreparably harmed FAZE Apparel's brand value, reputation and business goodwill.  This latter harm, which is ongoing and mounting, cannot be remedied by money damages alone.

FAZE Apparel is prepared to move for a preliminary injunction to bar FaZe Clan's continued infringement.  To avoid unnecessary motion practice and expense seeking relief which the Court is almost certain to award, FAZE Apparel is willing to forego filing its motion for injunctive relief in exchange for FaZe Clan's agreement to the relief detailed in the attached Stipulation.

Please let us know by **close of business on Friday, February 2, 2018** whether FaZe Clan agrees to the Stipulation by signing and returning a copy via email to me at levine@braunhagey.com.  We will then counter-sign and file with the Court.

In the meantime, we trust that FaZe Clan has and will continue to comply with its obligations under the Federal Rules of Civil Procedure to preserve all documents and information (including all electronically stored information) in its possession, custody and control relevant to the instant dispute.  This includes, but is not limited to the following information:

1. All documents and communications (both internally at FaZe Clan and with third parties, including but not limited to eLeague, Turner Sports, and G-Fuel) relating to FaZe Clan's use of the FAZE® marks.

2. All documents and communications (both internally at FaZe Clan and with third parties) relating to FaZe Clan's knowledge of the FAZE® marks.

3. All documents and communications (both internally at FaZe Clan and with third parties) relating to consumer confusion between FAZE Apparel merchandise and FaZe Clan merchandise.  This includes, but is not limited, to inquiries from consumers concerning the provenance of merchandise bearing the FAZE® marks.

4. All documents and communications (both internally at FaZe Clan and with third parties) relating to FAZE Apparel.

5. All documents reflecting FaZe Clan's sales, revenues, and profits related to the sale of merchandise bearing the FAZE® Marks.

January 29, 2018
Ms. Lackman
Page 3


   FAZE Apparel reserves all rights.


        Very truly yours,

        Andrew Levine


Enclosures.

1  Andrew Levine, Esq. (SBN: 278246)
       levine@braunhagey.com
2  J. Tobias Rowe, Esq. (SBN: 305596)
       rowe@braunhagey.com
3  BRAUNHAGEY & BORDEN LLP
   220 Sansome Street, Second Floor
4  San Francisco, CA 94104
   Tel. & Fax:  (415) 599-0210
5  ATTORNEYS FOR PLAINTIFF
   FAZE APPAREL, LLC
6

7

8           **IN THE UNITED STATES DISTRICT COURT FOR THE**

9        **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

10

11  FAZE APPAREL, LLC,                    )   Case No.
                                          )
12             Plaintiff,                 )   **COMPLAINT FOR:**
                                          )
13        v.                              )   **(1)  Trademark Infringement and**
                                          )        **Counterfeiting – 15 U.S.C. § 1114**
14  FAZE CLAN, INC. and DOES 1 through 25,)
    inclusive,                            )   **(2)  False Designation of Origin and Unfair**
15                                        )        **Competition – 15 U.S.C. § 1125(a)**
               Defendant(s).              )
16                                        )   **(3)  Trademark Infringement – California**
                                          )        **Common Law**
17                                        )
                                          )   **(4)  Unfair Competition – Cal. Bus. & Prof.**
18                                        )        **Code § 172000**
                                          )
19  _____)
                                              **(5)  Declaratory Judgment – 28 U.S.C. §§**
20                                                 **2201-2202**

21                                            **<u>JURY TRIAL DEMANDED</u>**

22

23

24

25

26

27

28

_____
                                  COMPLAINT

1    Plaintiff FAZE Apparel, LLC (hereinafter, "FAZE Apparel" or "Plaintiff") brings this

2 Complaint against Defendant FaZe Clan Inc. ("FaZe Clan") and alleges, on personal knowledge as

3 to its own actions and on information and belief as to the actions of others, as follows:

**INTRODUCTION**

4

5    1.    This action concerns Defendant's egregious and deliberate counterfeiting and

6 infringement of FAZE Apparel's registered FAZE® trademarks and brand. It presents a textbook

7 case of willful infringement that has damaged and irreparably harmed FAZE Apparel's business.

8    2.    FAZE Apparel is a socially conscious apparel and

9 accessories brand founded in San Francisco, California. Since 2007,

10 FAZE Apparel has exclusively and continuously used the

11 trademarks "FAZE APPAREL" and "FAZE" in connection with its

12 internationally-acclaimed designer clothing and accessories

13 (collectively the "FAZE® Marks"). FAZE Apparel is the owner of a

14 federally registered mark for the word FAZE® on apparel.



15    3.    In recent weeks, Defendant FaZe Clan, Inc., an online gaming "team" backed by

16 corporate sponsors, has begun advertising on its website and selling clothes and accessories bearing

17 unauthorized copies of the FAZE® mark to customers nationwide in willful disregard of FAZE

18 Apparel's trademark rights. FaZe Clan is an admitted past infringer of FAZE Apparel's intellectual

19 property rights that previously abandoned the "FAZE" brand and withdrew its products from the

20 market at FAZE Apparel's demand. Now, FaZe Clan has begun selling large numbers of

21 infringing and counterfeit "FAZE" items in a calculated effort to steamroll the FAZE® Marks'

22 legitimate owner and improperly profit off its brand.

23    4.    Recently, numerous dissatisfied customers have contacted FAZE Apparel believing

24 that FaZe Clan's infringing "FAZE" products originated with FAZE Apparel. FaZe Clan's

25 deliberate infringement is actively confusing consumers in the marketplace and has and will

26 continue to irreparably damage or destroy the value of the FAZE® Marks and brand if allowed to

27 continue. FAZE Apparel accordingly seeks a preliminary and permanent injunction, declaratory

28

1

1  relief, damages (including disgorgement of profits), costs and attorneys' fees, among other relief, to

2  remedy Defendant's willful misconduct.

**THE PARTIES**

4      5.    Plaintiff FAZE Apparel is a duly authorized California limited liability company

5  with an office and principal place of business in San Francisco's Mission District.  Since at least

6  2007, Plaintiff has been in the business of developing, advertising, marketing, and selling FAZE®-

7  branded retail and wholesale apparel and accessories to customers across the United States and

8  abroad, both in store and online.

9      6.    Plaintiff is the owner of the registered trademarks FAZE® and F.A.Z.E.®, as well

10  as related FAZE and FAZE APPAREL common law marks, all in connection with apparel,

11  accessories, and retail services (the "FAZE® Marks").  Plaintiff has the exclusive right to use the

12  FAZE® Marks and has protectable, enforceable property interests in and to each mark.

13      7.    Upon information and belief, Defendant FaZe Clan, Inc. is a Delaware corporation

14  with its principal place of business in Los Angeles, California.  FAZE Apparel is informed and

15  believes FaZe Clan Inc. operates an online gaming "team" and sells merchandise under the name

16  "FaZe Clan."

17      8.    Upon information and belief, FaZe Clan, Inc. is the successor-in-interest to FaZe

18  Clan LLC, a Massachusetts limited liability company that previously carried out FaZe Clan's

19  business.  Upon information and belief, FaZe Clan, Inc. is also the successor-in-interest to Thomas

20  Oliveira, the founding owner and CEO of FaZe Clan, who previously conducted FaZe Clan's

21  business and filed trademark applications on its behalf as "Thomas Oliveira d/b/a FaZe Clan."

22      9.    Upon information and belief, the Defendants sued herein as Does 1 through 25,

23  inclusive, were involved in the design, implementation, approval, or furtherance of the conduct

24  complained of herein or received benefits from those transactions.  FAZE Apparel will amend this

25  Complaint to allege the true names and capacities of these Defendants when they are ascertained.

**JURISDICTION AND VENUE**

27      10.    This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims

28  against Defendant pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a).

2
COMPLAINT

11.     This Court has subject matter jurisdiction over Plaintiff's California law claims against Defendant under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

12.     This Court has personal jurisdiction over Defendant FaZe Clan because FaZe Clan has had continuous, systematic, and substantial contacts within the State of California, including doing business in California and having its principal place of business within California.

13.     This Court further has personal jurisdiction over Defendant FaZe Clan because FaZe Clan and maintains a website which offers infringing goods for sale to customers in San Francisco and this District.

14.     This Court further has personal jurisdiction over Defendant FaZe Clan because FaZe Clan has directed its willful, tortious conduct at California and this District.  Defendant FaZe Clan intended, knew, or reasonably should have known that its conduct would cause harm to FAZE Apparel, which is located in this District.

15.     Further, on information and belief, FaZe Clan has regularly participated in gaming tournaments in this District.  For example, FaZe Clan participated in the "Intel Extreme Masters Season XII" tournament at Oracle Arena in Oakland, California on November 18-19, 2017 as well as the previous year's "Intel Extreme Masters" event at Oracle Arena on November 16-20, 2016. FaZe Clan has reportedly received tens of thousands of dollars in prize money for such appearances.

16.     Venue in this Judicial District is also proper, pursuant to 28 U.S.C. § 1391(b). Without limitation, a substantial portion of the events giving rise to Plaintiff's trademark infringement, false designation of origin, and unfair competition claims occurred here, within this Judicial District in that:

17.     Plaintiff is based in this Judicial District, and has been, is, and will continue to be damaged and harmed here as a result of FaZe Clan's intentional misconduct.

18.     FaZe Clan operates the interactive website www.fazeclan.com, which is accessible to and directed in part at consumers in this District and which advertises and sells apparel and accessories using the infringing "FAZE" marks.

19. FaZe Clan maintains its primary place of business in the state of California which, on information and belief, is where corporate decision making, including promotion and expansion of the FaZe Clan brand occurs.

### INTRADISTRICT ASSIGNMENT

20. This action should be assigned to the San Francisco Division, because this action arises in San Francisco County.

### FACTUAL BACKGROUND

**I. FAZE APPAREL AND THE FAZE® MARKS**

21. FAZE Apparel is a prominent socially conscious apparel and accessories brand with its flagship store in San Francisco. Founded in 2007 by born-and-bred San Franciscans Johnny Travis and Herbert Gracia, FAZE Apparel has quickly grown from a small startup into a widely respected brand with sales across the United States and internationally.

22. In addition to its San Francisco boutique, FAZE Apparel sells merchandise through the website www.fazeapparel.com. FAZE Apparel has also received international recognition, with its designs available for purchase in stores from Paris to Tokyo.

**23.** FAZE Apparel products have prominently featured the trademark FAZE® as their dominant design element and source identifier since the company's founding in 2007. A sampling of FAZE Apparel's products show the prominence of the FAZE® Mark:



24.     Customers know and rely on the FAZE® Mark to signify FAZE Apparel's potent combination of high-quality goods and creative, meaningful designs in keeping with its commitment to social justice.

25.     FAZE Apparel first began use of the FAZE® Marks in 2007 in association with goods related to apparel, garments, accessories, culture, lifestyle, and sports.  In addition to its longstanding common law rights, FAZE Apparel is the registered owner of the word mark FAZE in International Class 25 for apparel (U.S. Reg. No. 4,550,118).  FAZE Apparel owns a legally incontestable registration for the design mark F.A.Z.E. (U.S. Reg. No. 3,680,738), also in Class 25. FAZE Apparel also owns a pending trademark application for FAZE® reflecting its longstanding use of the FAZE® Marks in connection with accessories and other items.  These registrations are owned by Plaintiff and Plaintiff has the exclusive right to use and enforce the FAZE® Marks.  *See* Exhibits A & B.

26.     Plaintiff has continuously used the FAZE® Marks and brand in commerce since at least 2007 in connection with its apparel and accessories to promote itself and its products. Customers associate the FAZE® Marks with FAZE Apparel and its high-quality, mission-driven goods and retail services related to apparel, garments, accessories, culture, lifestyle, and sports.

27.     Plaintiff's rights grow stronger every day, as more and more consumers encounter the FAZE® Marks in connection with Plaintiff's goods and come to associate the marks with the FAZE Apparel trademarks and brand.

28.     Plaintiff actively promotes its products through the FAZE® Marks, its website www.fazeapparel.com and its retail store.  Plaintiff has expended and continues to expend substantial sums in adopting, promoting, marketing, and using the FAZE Marks.

29.     FaZe Clan has long been acquainted with FAZE Apparel and has acknowledged Plaintiff's superior rights in the FAZE® Marks.  Yet FaZe Clan has suddenly launched a nationwide marketing campaign selling "FAZE"-branded products that openly counterfeit and infringe the FAZE® Marks.

30.     True to its fearless ethos, FAZE Apparel now brings this action to halt and rectify Defendant's intentional infringement.

## II.   FAZE CLAN IS WELL AWARE OF THE FAZE® MARKS

31.     On information and belief, FaZe Clan was formed in 2010 as an online gaming team competing in various "e-sports" tournaments.

32.     Despite FAZE Apparel's prior trademark registration and longstanding use of the FAZE Marks, FaZe Clan chose to adopt a name that is highly similar to and likely to be confused with the FAZE Marks.

33.     FaZe Clan and its founder Thomas Oliveira have long been aware of FAZE Apparel's superior trademark rights.  Indeed, the USPTO has repeatedly rejected FaZe Clan's efforts to register the mark "FaZe Clan" in Class 25 for apparel and related goods, *expressly citing* Plaintiff's registered FAZE® Marks.

34.     On information and belief, trademark applications filed before FaZe Clan LLC or FaZe Clan, Inc.'s formation were filed on FaZe Clan's behalf and in FaZe Clan's name by Mr. Oliveira "d/b/a FaZe Clan."  FaZe Clan Inc. is in privity with Mr. Oliveira, who has formally assigned his purported rights related to "FAZE CLAN" marks to the corporation.

35.     For instance, FaZe Clan applied to register the marks "FaZe" and "FaZe Clan Sniping With" in connection with clothing on or about May 6, 2013 (Serial Nos. 85924441 & 85924587).  The USPTO refused both registrations, finding that the FaZe Clan marks were confusingly similar to FAZE Apparel's FAZE® Marks.  FaZe Clan failed to respond to either refusal, thereby admitting that confusion was likely.

36.     On about July 24, 2013, FaZe Clan applied to register the mark "FAZE CLAN" in connection with International Class 41 for videos and video games and Class 25 for apparel.  The PTO issued an initial refusal as to Class 25, again citing confusion with Plaintiff's FAZE® Marks

37.     FaZe Clan's application was ultimately published for opposition on September 15, 2015.  FAZE Apparel filed an Opposition before the Trademark Trial and Appeal Board ("TTAB") the following day, objecting to registration in Class 25 for apparel.

38.     In its Opposition, FAZE Apparel alleged that the "FAZE CLAN" mark was likely to be confused with Plaintiff's registered FAZE® Marks with respect to apparel and other goods in Class 25.

39.     FaZe Clan failed to respond to the Opposition, even after the TTAB unilaterally granted it two 30-day continuances.  FaZe Clan thereby conceded that its FAZE CLAN mark was confusingly similar to Plaintiff's marks.

40.     On January 11, 2016, the TTAB entered judgment in favor of FAZE Apparel and against FaZe Clan, sustaining FAZE Apparel's Opposition.

41.     The TTAB's judgment is *res judicata* and constitutes a binding determination that the FAZE® Marks and "FAZE CLAN" are confusingly similar when used in connection with apparel and other goods in Class 25.

42.     Additionally, FaZe Clan's extensive, unsuccessful efforts to contest or circumvent FAZE Apparel's trademark rights before the USPTO leave no doubt that FaZe Clan has been aware of FAZE Apparel and its superior trademark rights for ***more than four years***.

43.     Indeed, FAZE Apparel's successful defense of its rights at the PTO caught the attention of FaZe Clan owner and CEO Thomas Oliveira.  On August 28, 2013, days after two "FAZE" applications filed by FaZe Clan were rejected, Mr. Oliveira, referring to FAZE Apparel, wrote on Twitter: "F[*]ck that biting company" [*sic*].

## III.     FAZE CLAN HAS ADMITTEDLY INFRINGED THE FAZE® MARKS BEFORE

44.     Beyond the Patent and Trademark Office proceedings, FaZe Clan is an admitted infringer of the FAZE® Marks that has acknowledged FAZE Apparel's trademark rights, withdrawn infringing products from the market, and even changed its name in a short-lived search for a non-infringing moniker.  Recently, FaZe Clan's infringement and efforts to illegally trade off FAZE Apparel's brand have become increasingly brazen.

### A.     2014:  FaZe Clan Abandons Use of "FAZE", Concedes Infringement

45.     In 2014, FaZe Clan used the website "fazeclan-apparel.com" to sell apparel and accessories infringing the FAZE word mark.  FaZe Clan advertised and promoted the website as selling "Official Faze Apparel."  FaZe Clan sold items prominently featuring only the word "FAZE" and the words "FAZE CLAN" on its site.  FaZe Clan also sold such products in connection with third party Electronic Gamers' League ("EGL").

46.     In response to a cease-and-desist letter from Plaintiff, EGL stated that it planned to stop using the FAZE APPAREL Marks on all apparel and accessories.

47.     FaZe Clan appeared to re-direct customers from their fazeclanstore.com address to a new online apparel store, theredmilitia.com.  In place of apparel and accessories bearing the word "FAZE" or words "FAZE Clan," the site purported to sell merchandise bearing the words "RED MILITIA."

48.     Thereafter, on information and belief, Defendant stopped selling infringing "FAZE CLAN" merchandise and adopted a new brand, "RED MILITIA," conceding that its prior sales infringed FAZE Apparel's trademark rights.

**B.      2016: FaZe Clan Retreats After Being Caught Again Infringing**

49.     In 2016, Plaintiff sent additional cease and desist letters to FaZe Clan and EGL and after discovering that FaZe Clan had resumed infringement of the FAZE APPAREL Marks.  FaZe Clan and EGL had begun using the website fazeclanstore.com to sell apparel and accessories infringing the FAZE® Marks.  FaZe Clan and EGL promoted on the website "Faze 2.0 Clothing and Accessories."

50.     Upon information and belief, in response to Plaintiff's letters, FaZe Clan thereafter removed all apparel bearing the terms "FAZE" and "FAZE CLAN" from its online store.

**C.      2017: FAZE Apparel Declines to License the FAZE® Marks to FaZe Clan**

51.     FaZe Clan apparently could not stay away from the FAZE® Marks for long.  In or around February 2017, a FaZe Clan business manager approached FAZE Apparel to discuss purchasing a license for FaZe Clan to use the FAZE® Marks.

52.     FAZE Apparel did not license the marks to FaZe Clan, nor has it otherwise given permission for FaZe Clan to use them.

**IV.    DEFENDANT IS NOW SELLING COUNTERFEIT AND INFRINGING FAZE® PRODUCTS**

53.     Despite its knowledge of the FAZE® Marks, the parties' prior communications regarding past infringement (which, upon information and belief, consistently resulted in FaZe Clan's temporary cessation of infringing activities), and the parties' unsuccessful discussions

regarding a licensing agreement, FaZe Clan began selling dozens of infringing "FAZE"-branded products on its website in late-December 2017.  Since FaZe Clan launched its new infringement campaign, FAZE Apparel has received numerous inquiries from confused consumers believing that FAZE Apparel is somehow affiliated with FaZe Clan.  A cursory inspection of several products reveals why:




54.     FaZe Clan is selling counterfeit "FAZE" products in violation of 15 U.S.C. § 1114(1).  Numerous infringing products carry a spurious reproduction of the FAZE® word mark that is identical to or substantially indistinguishable from the mark as registered, as shown below:

| **FAZE® Mark as Registered** | **Examples of Counterfeit Marks** |
| --- | --- |
| # FAZE<br><br>(Standard characters not limited to any particular font style, size, or color) |  |

55.     The imitation FAZE products are also highly confusing.  Even when accompanied by ancillary text, "FAZE" is by far the dominant element of the new FaZe Clan designs, often by an overwhelming margin.  "FAZE" is also the sole or dominant element of Plaintiff's authentic

FAZE® Marks, rendering the competing marks indistinguishable or, at minimum, highly confusing.

56.     FaZe Clan is using its imitation "FAZE" mark to sell clothing and accessories, the same categories of goods sold by FAZE Apparel under the genuine FAZE® Marks. Additionally, FaZe Clan is marketing its infringing products over the internet and social media, both key marketing channels used by FAZE Apparel to sell its authentic FAZE® merchandise.

57.     The FAZE® Marks are inherently distinctive and conceptually strong in that they are original, arbitrary marks entitled to a high degree of protection. Additionally, the FAZE® Marks are commercially strong by virtue of FAZE Apparel's commercial success, widespread marketing, and growing sales.

58.     Given FaZe Clan's awareness of FAZE Apparel's trademark rights, its copying of the FAZE® Marks is willful at minimum. Upon information, and belief, FaZe Clan designed and launched the new infringing FAZE products with the intent to injure FAZE Apparel and undermine its trademark rights (in keeping with Mr. Oliveira's ""F[*]ck that biting company" remark).

59.     The intentional and brazen nature of FaZe Clan's infringement renders this a truly "exceptional" case, warranting an award of treble damages and attorneys fees to FAZE Apparel pursuant to 15 U.S.C. § 1117(a). Additionally, FaZe Clan's willful design and marketing of counterfeit FAZE products calls for enhanced statutory counterfeiting damages up to $2 million per counterfeit mark pursuant to 15 U.S.C. § 1117(b).

**V.     DEFENDANT'S INFRINGEMENT IS CAUSING IRREPARABLE HARM**

60.     FaZe Clan's willful copying of the FAZE® Marks is already producing consumer confusion. In the last several weeks alone, multiple customers have contacted FAZE Apparel to complain about FaZe Clan's merchandise or customer service.

61.     For instance, earlier this month, a consumer called the FAZE Apparel store to complain about FaZe Clan's failure to promptly ship a sweatshirt that she ordered. Another customer contacted FAZE Apparel in December 2017 to ask why his FaZe Clan discount code wasn't working – on FAZE Apparel's website.

62.     FaZe Clan's brazen misappropriation of the FAZE® Marks even appears to be creating the false impression that FAZE Apparel is somehow the infringing party.  Perhaps inspired by Mr. Oliveira's vitriol, a consumer sent a message to FAZE Apparel on social media earlier this month asserting: "You not the real FaZe Apparel… you copying" [*sic*].

63.     These direct examples of confusion, coinciding with FaZe Apparel's recent launch of infringing "FAZE" products, suggest that a far greater number of consumers are being confused and will continue to be confused if the infringing products remain in the marketplace.

64.     There is every indication that FaZe Clan's infringing use of the FAZE® Marks will continue to escalate. On January 14, 2018, professional football star JuJu Smith‑Schuster (Wide Receiver, Pittsburgh Steelers) wore a custom‑designed "FAZE CLAN" jersey on the field before a nationally‑televised playoff game against the Jacksonville Jaguars.  The telecast (including pregame coverage) was reportedly watched by **31.4 million** American viewers.



65.     On January 18, 2018, FaZe Clan and Smith‑Schuster began jointly advertising the custom "FAZE" jersey to millions of consumers via their Twitter profiles. Customers quickly began posting receipts showing that they had purchased the infringing "FAZE" jersey, as shown at right:



66.     If left unchecked, FaZe Clan will continue promoting and selling its counterfeit and infringing "FAZE" products to millions of consumers via multiple media platforms.  With the year just beginning, there is every reason to believe that FaZe Clan and its Hollywood talent managers have already made promotional arrangements with other celebrities like Mr. Smith‑Schuster.

67.     FaZe Clan's misconduct is irreparably harming Plaintiff in that customers are being confused into thinking that FaZe Clan's products originate with Plaintiff, and vice versa, because of FaZe Clan's intentional copying of the FAZE® Marks.

68.     Consumers have been confused and have made unfavorable associations between FAZE Apparel and FaZe Clan due to the sale of FaZe Clan's infringing apparel.  As this continues to occur, Plaintiff's reputation and the goodwill associated with its marks will be damaged and diluted in a manner that is irreparable and not readily quantifiable.

69.     Tarnishment of a brand's reputation and damage to goodwill can occur instantaneously, but can take months or years to repair, if they can be repaired at all.  Plaintiff's reputation and goodwill have suffered and will continue to suffer unless FaZe Clan is enjoined from further infringement.

## FIRST CAUSE OF ACTION

**Trademark Infringement and Counterfeiting – Lanham Act, Section 32** (15 U.S.C. § 1114)

70.     Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

71.     Plaintiff owns all right, title, and interest in the FAZE® Marks, which it has continuously used in commerce since at least 2007.

72.     Through the conduct alleged above, Defendant's unauthorized use in commerce of the FAZE® Marks infringes Plaintiff's rights in the marks and violates 15 U.S.C. § 1114 because it renders Defendant's products confusingly similar to Plaintiff's genuine FAZE® Marks and goods. Defendant's unauthorized use of the FAZE® Marks creates the erroneous impression in consumers' minds that Defendant's "FAZE" and "FAZE CLAN" products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Plaintiff and the FAZE® Marks.

73.     Further, Defendant is selling counterfeit FAZE® products bearing spurious marks that are identical to (or, at minimum, substantially indistinguishable from) the FAZE® word mark. Defendant is using such counterfeit "FAZE" marks in connection with the same goods covered by Plaintiff's federal registration for FAZE®.  Defendant's sales of counterfeit products are causing confusion by misleading consumers as to the source and genuineness of such products.

74.     Defendant's imitation and unauthorized use of the FAZE® Marks is causing irreparable injury to Plaintiff by, *inter alia*, destroying consumers' unique association of the FAZE® Marks with Plaintiff's products and creating a false association with Defendant.

75.     Plaintiff has no adequate remedy at law for Defendant's misconduct.  Unless Defendant is enjoined and restrained from continuing its infringement, consumers will continue to be confused and Plaintiff's injuries will continue to occur.

76.     Plaintiff is entitled to recover from Defendant any gains, profits, and advantages as a result of Defendant's infringement, in an amount to be proven at trial.  Additionally, Defendant's willful counterfeiting of the FAZE® mark entitles Plaintiff to statutory damages up to $2 million per counterfeit mark per type of goods sold.

77.     Defendant's willful, sustained, and oppressive misconduct renders this a truly "exceptional" case, entitling Plaintiff to treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

### SECOND CAUSE OF ACTION

**Trademark Infringement, False Designation of Origin, and Unfair Competition –**

**Lanham Act, Section 43(a)** (15 U.S.C. § 1125(a))

78.     Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

79.     Plaintiff owns all right, title, and interest in the FAZE® Marks, which it has continuously used in commerce since at least 2007.

80.     Through the conduct alleged above, Defendant's unauthorized use in commerce of the FAZE® Marks infringes Plaintiff's rights in the marks and violates 15 U.S.C. § 1114 because it renders Defendant's products confusingly similar to Plaintiff's genuine FAZE® Marks and goods. Defendant's unauthorized use of the FAZE® Marks creates the erroneous impression in consumers' minds that Defendant's "FAZE" and "FAZE CLAN" products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Plaintiff and the FAZE® Marks. Such use constitutes a false designation of origin within the meaning of 15 U.S.C.§ 1125(a).

81.     On information and belief, Defendant chose to use counterfeit and infringing "FAZE" and "FAZE CLAN" marks with the intent to cause confusion among consumers as to the source of Plaintiff's and Defendant's respective products.

82.     Defendant has profited from its unfair competition, and Plaintiff has suffered damages in amount to be proven at trial.

83.     Defendant's willful, sustained, and oppressive misconduct in misleading U.S. consumers renders this a truly "exceptional" case, entitling Plaintiff to treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

84.     Defendant's infringement is causing irreparable harm by confusing consumers and enabling Defendant to unlawfully profit by trading off of Plaintiff's FAZE® Marks. Plaintiff will continue to suffer such harm unless Defendant's infringing conduct is enjoined by this Court.

### THIRD CAUSE OF ACTION

### Trademark Infringement – California Common Law

85.     Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

86.     Since 2007, Plaintiff has been continuously using its FAZE® Marks to identify its apparel and accessories in California. The relevant consuming market of California consumers widely recognizes the FAZE® Marks as designating apparel and accessories sold by Plaintiff. Thus, Plaintiff has enforceable rights in and to the FAZE® Marks under California law.

87.     Defendant's unlawful activities in the state of California and/or directed at California consumers have caused Plaintiff irreparably injury. Unless the Court enjoins such conduct, Defendant will continue its intentional infringement to the continued, irreparable injury of Plaintiff and its FAZE® Marks. This injury includes a reduction in the distinctiveness of the FAZE® Marks, as well as injury to Plaintiff's reputation that cannot be remedied through damages. Plaintiff has no adequate remedy at law.

88.     In view of the foregoing, Plaintiff is entitled to a permanent injunction restraining and enjoining FaZe Clan in the state of California from using in commerce the designation

"FAZE," "FAZE CLAN," or any colorable imitation or variation thereof, for apparel or accessories.

89.     Plaintiff is also entitled to recover Defendant's profits, Plaintiff's ascertainable economic damages, and Plaintiff's costs of suit.  Defendant's willful infringement of Plaintiff's common-law rights in California, without excuse or justification, entitles Plaintiff to its reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### Unfair Competition (Cal. Bus. & Prof. Code § 172000 and Common Law)

90.     Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

91.     Defendant's unauthorized use of the FAZE® Marks in a manner that is likely to confuse and deceive consumers is unlawful, unfair, and/or fraudulent and constitutes unfair competition within the meaning of Cal. Bus. & Prof. Code § 17200.

92.     Defendant has profited from its unfair competition, and Plaintiff has suffered damages in an amount to be proven at trial.

93.     Defendant's infringement is causing irreparable harm by confusing consumers and enabling Defendant to unlawfully profit by trading off of Plaintiff's FAZE® Marks.   Plaintiff will continue to suffer harm unless Defendant's infringing conduct is enjoined by this Court.

## FIFTH CAUSE OF ACTION

### Declaratory Judgment (28 U.S.C. §§ 2201-2202)

94.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

95.     Defendant's unauthorized use of the FAZE® Marks in connection with sales of counterfeit and infringing products infringes Plaintiff's rights in the FAZE® Marks.

96.     Despite repeatedly admitting that "FAZE CLAN" is confusingly similar to Plaintiff's FAZE® Marks, Defendant has persisted in using and seeking to register "FAZE CLAN" and other infringing "FAZE" marks in connection with clothing, accessories, and other products

1  that would infringe Plaintiff's rights. Such applications include, without limitation, the Application

2  Serial Numbers 87/332787, 87/335175, and 87/335668.

3       97.    The TTAB has conclusively adjudicated the fact that FAZE® and "FAZE CLAN"

4  are confusingly similar when used with respect to apparel. The TTAB's judgment is *res judiciata*

5  and is binding on FaZe Clan, Inc. and its predecessors-in-interest.

6       98.    Plaintiff has already prevailed and secured a final judgment, yet Defendant

7  continues to file frivolous trademark applications for the same mark and the same types of

8  products. Defendant's vexatious attempts to re-open this issue create a substantial, immediate and

9  justiciable controversy between the parties.

10      99.    Plaintiff accordingly seeks a declaratory judgment that FAZE® and "FAZE CLAN"

11 are confusingly similar with respect to apparel and accessories, consistent with the TTAB's binding

12 judgment.

13      100.   In accord with such judgment, Plaintiff seeks a decree pursuant to 15 U.S.C. § 1119

14 that Defendant has no right to register "FAZE CLAN" with respect to apparel or accessories, as

15 well as an order that Defendant's Applications 87/332787, 87/335175, and 87/335668 be denied

16 with respect to apparel and accessories.

17                              **PRAYER FOR RELIEF**

18      WHEREFORE, Plaintiff respectfully demands judgment against Defendant as follows:

19      A.     Preliminarily and permanently enjoin Defendant from using the FAZE® Marks,

20 "FAZE CLAN," or any colorable imitation thereof in connection with the sale, advertising,

21 marketing, production, or distribution of apparel or accessories.

22      B.     Preliminarily and permanently enjoin Defendant from engaging in any other activity

23 that is intended to, or has the effect of, infringing Plaintiff's rights in and to the FAZE® Marks, or

24 that causes Defendant or any other person to unfairly compete with Plaintiff in any way.

25      C.     Award Plaintiff its amount of damages and/or the amount of Defendant's profits

26 arising from Defendant's unauthorized use of the FAZE® Marks in the United States, pursuant to

27 15 U.S.C. § 1117.

28

D.     Award Plaintiff three times its actual damages according to proof, as well as the costs of this action, in accordance with 15 U.S.C. § 1117.

E.     Award Plaintiff statutory counterfeiting damages of $2 million per counterfeit mark per type of goods sold pursuant to 15 U.S.C. § 1117(d).

F.     Find this action to be an "exceptional case" based upon Defendant's willful, sustained, and oppressive misconduct and award Plaintiff its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117.

G.     Reaffirm the TTAB's binding judgment that FAZE® and "FAZE CLAN" are confusingly similar with respect to apparel and accessories, and declare that Defendant has no right to register the mark "FAZE CLAN" in connection with such categories.

H.      Order the Director of the Patent and Trademark Office to deny Defendant's Applications 87/332787, 87/335175, and 87/335668 with respect to clothing and accessories.

I.     Award Plaintiff such other and further relief as this Court deems equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.


Dated:  January 29, 2018                              Respectfully Submitted,

                                                     BRAUNHAGEY & BORDEN LLP


                                                     By: _____
                                                          Andrew Levine

                                                     Attorneys for Plaintiff
                                                     FAZE Apparel, LLC

17
COMPLAINT

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# FAZE

**Reg. No. 4,550,118**

**Registered June 17, 2014**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

FAZE APPAREL, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
3236 21ST STREET
SAN FRANCISCO, CA 94110

FOR: A-SHIRTS; BASEBALL CAPS AND HATS; BEANIES; BUTTON DOWN SHIRTS; CREW NECK SWEATERS; HOODED SWEAT SHIRTS; SHIRTS; SWEAT SHIRTS; SWEATERS; T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-14-2007; IN COMMERCE 12-14-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,680,738.

SER. NO. 85-867,480, FILED 3-5-2013.

SUE LAWRENCE, EXAMINING ATTORNEY



**Deputy Director of the United States
Patent and Trademark Office**

# EXHIBIT B

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,680,738

Registered Sep. 8, 2009

## TRADEMARK
### PRINCIPAL REGISTER



FAZE APPAREL (CALIFORNIA LIMITED LIABI-
LITY COMPANY)
20 CEDRO AVE
SAN FRANCISCO, CA 94127

FOR: A-SHIRTS; CANVAS SHOES; DENIMS;
DRESS SHIRTS; LEATHER SHOES; LONG-
SLEEVED SHIRTS; PANTS; POLO SHIRTS; SHIRTS;
SHOES; SHORT-SLEEVED OR LONG-SLEEVED T-
SHIRTS; SWEAT SHIRTS; T-SHIRTS; TEE SHIRTS;
HATS; UNDERWEAR; SOCKS, IN CLASS 25 (U.S.
CLS. 22 AND 39).

FIRST USE 12-14-2007; IN COMMERCE 12-14-2007.

THE COLOR(S) GOLD IS/ARE CLAIMED AS A
FEATURE OF THE MARK.

THE MARK CONSISTS OF SEVEN GOLD LIGHT-
NING BOLTS CONNECTED AT THEIR END
POINTS IN A TRIANGULAR SHAPE.

SN 77-404,461, FILED 2-22-2008.

JANICE L. MCMORROW, EXAMINING ATTOR-
NEY

# Exhibit 4

Eleanor M. Lackman, Esq., No. 298594
*elackman@cdas.com*
COWAN, DEBAETS, ABRAHAMS,
& SHEPPARD LLP
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 492-4392
Fax: (310) 492-4394

Attorneys for Plaintiff
Faze Clan Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FAZE CLAN INC., a Delaware corporation, | ) Case No.: ___18-cv-777___ |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR** |
| | ) **DECLARATORY JUDGMENT** |
| | ) **AND INJUNCTIVE** |
| FAZE APPAREL, LLC, a California limited liability company, | ) **RELIEF** |
| Defendant. | ) |

Plaintiff Faze Clan Inc. ("Plaintiff"), by their attorneys Cowan, DeBaets, Abrahams & Sheppard LLP, complain and allege against defendant Faze Apparel, LLC ("Defendant") as follows:

## **NATURE OF THE CLAIMS**

1.  This is an action for declaratory judgment that arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*., and California state and common law.

2.     Plaintiff's business was founded in 2010 and has become one of the most successful video game or 'eSports' organizations in the world, managing numerous professional teams under the name FAZE CLAN including, without limitation, eSports teams that play the video games Call of Duty, Counter-Strike: Global Offensive, and Overwatch.  In addition, Plaintiff uses its FAZE CLAN trademark in connection with various merchandise products, including team jerseys and other clothing items, pertaining to Plaintiff's well-known eSports teams.

3.     Defendant is a men's clothing store that sells street wear apparel under the brand name "Faze" and under a logo with a triangular design and the stylized letters "F.A.Z.E."  Over the course of more than two-and-a-half years, and through at least three law firms, Defendant has interfered with Plaintiff's business relationships and Plaintiff's ability to register its FAZE CLAN trademark, based on Plaintiff's purported infringement of Defendant's asserted trademark and other rights.

4.     Defendant's repeated and unsubstantiated allegations of trademark infringement have impeded Plaintiff's ability to conduct and expand its business. Plaintiff now seeks a declaration of non-infringement of any rights Defendant may have in and to Defendant's asserted FAZE trademarks.

**JURISDICTION AND VENUE**

5.     This action asserts claims arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338.

6.     This Court has personal jurisdiction over Defendant because it is authorized to do business in in this District and upon information and belief regularly transacts business in this District.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claim occurred in this District.

**THE PARTIES**

8.     Plaintiff is a Delaware corporation, with its principal place of business at 7288 Mulholland Drive, Los Angeles, CA 90068.

9.     On information and belief, Defendant is a California corporation, authorized to do business in this District, with its principal place of business at 3236 21st Street, San Francisco, CA 94110.

**FACTUAL BACKGROUND**

**Plaintiff Faze Clan and Its Rights**

10.     Plaintiff is a professional eSports organization that fields teams in various video game competitions.

3

11.    The principals of Plaintiff began posting eSports videos in 2010 and first participated in public video game competitions in 2011.  The videos and the competitions quickly developed large numbers of online followers, and soon thereafter Plaintiff began selling clothing and merchandise bearing the FAZE CLAN mark.

12.    In 2016, Plaintiff's team was one of only twenty-four teams invited to participate in Turner Broadcasting System, Inc.'s ("Turner") ELEAGUE, an eSports league featuring teams from around the world competing annually in two, ten-week league seasons.  Plaintiff was invited to participate in ELEAGUE's second season, and fielded one of only eight teams to qualify for the playoff round that season.

13.    Plaintiff has a significant online following.  Over 4.6 million users subscribe to Plaintiff's YouTube channel; Plaintiff's Twitter account similarly has over 3.36 million followers.

14.    Plaintiff's success is due not only to its competitive and successful eSports teams but also to its creative and innovative video publishing services and the goodwill associated with the trademark under which Plaintiff provides such services.

15.    Since 2010, Plaintiff has provided its video services to the public using the trademark FAZE CLAN® (the "FAZE CLAN® Mark") in order to distinguish its services from those offered by others.  The FAZE CLAN® Mark is registered with

the U.S. Patent and Trademark Office ("USPTO") (Registration No. 4,906,907) in class 41 for production of videos featuring video games.

16.     Plaintiff has invested substantial time and resources in developing and promoting its services under the FAZE CLAN® Mark.  As a result of these efforts, Plaintiff has developed considerable goodwill: the gaming community readily identifies the FAZE CLAN® Mark as signifying the talented eSports players and related creatives that comprise Plaintiff's organization.

17.     Plaintiff obtained federal registration of the FAZE CLAN® Mark in July of 2013, indicating a date of first use at least as early as December 2011.  Plaintiff's common law trademark rights date back to June of 2010.

18.     Plaintiff also uses its FAZE CLAN® Mark in connection with the sale of clothing and accessories that are targeted to Plaintiff's fans.

19.     Plaintiff has sold its FAZE CLAN®-branded clothing and accessories online since 2010, including through its website, fazeclan.com, which prominently displays the text "FaZe Clan" on every page of the website, including the checkout page.

**Defendant's Clothing Business and Claimed Rights**

20.     Defendant is a men's clothing brand and clothing store, offering for sale street wear apparel under the trademark FAZE (U.S. Reg. No. 4,550,118 (the "FAZE

Word Mark") and U.S. Reg. No. 3,680,738 (the "FAZE Design Mark," collectively, the "FAZE® Apparel Marks")).

21.   Defendant applied for registration of the FAZE Word Mark on March 5, 2013.

22.   The FAZE Word Mark matured into registration on June 17, 2014, and covers a-shirts, baseball caps and hats, beanies, button down shirts, crew neck sweaters, hooded sweatshirts, shirts, sweatshirts, sweaters, and t-shirts in International Class 25, and claims a first use date of December 14, 2007.

23.   Defendant applied for registration of the FAZE Design Mark on February 22, 2008.  The FAZE Design Mark is comprised of the following design:



24.   The FAZE Design Mark matured into registration on September 8, 2009, covering a-shirts, canvas shoes, denims, dress shirts, leather shoes, long-sleeved shirts, pants, polo shirts, shirts, shoes, short-sleeved or long-sleeved t-shirts, sweat shirts, t-shirts, sweatshirts, t-shirts, hats, underwear and socks in International Class 25, and claiming a first-use date of December 14, 2007.

25.   As evidenced by the FAZE Design Mark above, Defendant's trademark is an acronym, which stands for the phrase "Fearless And Zealous Everyday" [*sic*].

6

26.    Upon information and belief, Defendant sells its clothing and related accessories through its physical store in San Francisco, California, and through its website, fazeapparel.com.

**Defendant's Challenges Regarding Plaintiff's Name**

27.    On July 24, 2013, Plaintiff applied for registration of the word mark FAZE CLAN (Serial No. 86/018,225) for clothing, namely t-shirts, long and short sleeved shirts, hooded sweatshirts, and sweatshirts in International Class 25, and production of musical videos featuring video games and video production services in International Class 41 with a date of first use in commerce of March 12, 2013. Finding no conflicting marks in either International Class 25 or 41, the USPTO published the application for opposition on September 15, 2015.

28.    On September 16, 2015, Defendant filed a Notice of Opposition to this application, asserting actual confusion with Defendant's FAZE ® Apparel Marks with respect to International Class 25 (the "2015 Opposition Proceeding").

29.    Plaintiff did not respond to Defendant's Notice of Opposition and, accordingly, the USPTO entered a default, sustaining the opposition as to Class 25 only.

30.    The 2015 Opposition Proceeding was not the first instance of Defendant's interference with either Plaintiff's business or use of its FAZE CLAN ® Mark.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

31.    Prior to the 2015 Opposition Proceeding, Defendant began sending demand letters to a variety of parties, including Plaintiff and Plaintiff's business partners.

32.    On October 7, 2014, Defendant sent a cease and desist letter to Comeupins, LLC d/b/a Electronic Gamers' League ("Comeupins"), which manufactures and distributes apparel for eSports teams, claiming that Comeupins' sale of Plaintiff's apparel "continues to create confusion in the marketplace." Defendant demanded that Comeupins cease and desist from the further sale of any products bearing Plaintiff's FAZE CLAN ® Mark, and represented that it would "not hesitate to take appropriate steps to protect its legal rights."

33.    Comeupins replied on October 22, 2014, stating it "is not aware of any actual confusion between Comeupins use of the Faze Clan Mark and [Defendant's] use of the Faze Apparel Mark."

34.    Upon information and belief, Defendant did not send a follow-up letter to Comeupins.

35.    Nearly fourteen months later, on January 14, 2016, Defendant sent a cease and desist letter to Plaintiff, claiming that Plaintiff's "[a]ttempted registration and illegal use of [Defendant's FAZE ® Apparel Marks] . . . constitutes blatant trademark infringement, unfair competition, dilution, infringement of publicity rights and other causes of action under United States . . . law."

36.     Despite the wide array of claims asserted, Defendant's letter complained primarily about Plaintiff's ornamental use of the terms "FAZE," "FAZE CLAN" or "FAZECLAN," on eSports-related merchandise clearly labeled as coming from Plaintiff.

37.     Defendant demanded that Plaintiff "immediately cease and desist all use of the [FAZE® Apparel] Marks and stop selling, distributing, and/or advertising any merchandise" bearing the FAZE® Apparel Marks.

38.     Defendant sent a follow-up letter to Plaintiff on March 8, 2016, repeating its demands and noting that it would be "sending cease and desist letters" to unspecified recipients.

39.     Several months later, on June 6, 2016, Defendant sent a cease and desist letter to Turner in connection with Plaintiff's participation in Turner's ELEAGUE.

40.     In its letter to Turner, Defendant maintained that it had used the FAZE® Apparel Marks since 2007 in connection with the sale of "apparel, garments, accessories, culture, lifestyle, and sports."

41.     A review of Defendant's website, however, reveals that Defendant uses its FAZE® Apparel Marks solely in connection with the sale of apparel and related accessories.  *See* Exhibit A (screenshots of Defendant's website).

42.     In its letter to Turner, Defendant maintained, without legal basis, that Plaintiff is "not permitted to use the FAZE [Apparel] Marks on any apparel, garments, accessories, or other products."

43.     Defendant additionally referred to alleged "actual and frequent confusion caused by [Plaintiff's] use of "faze" in association with its [sic] gaming league." Defendant maintained that it was "already being contacted by the public inquiring about [Defendant's] participation in [ELEAGUE]."

44.     In its letter to Turner, Defendant also misrepresented the 2015 Opposition Proceeding, suggesting that the Trademark Trial and Appeal Board had "denied" Plaintiff's "attempt to gain the registration of FAZE for apparel" based on an adjudication on the merits of Defendant's claim.

45.     Defendant concluded its letter by demanding that Turner and its partner, WME | IMG, "terminate [Defendant] from the [ELEAGUE] tournament."

46.     Plaintiff's counsel contacted Defendant's counsel via letter on June 16, 2016, explaining that Defendant's excessive demand that Turner terminate Plaintiff from participating in Turner's ELEAGUE competition was both legally baseless and potentially actionable as tortious interference with Plaintiff's contractual relationships.

47.     Indeed, Defendant's letter to Turner vastly overstated Defendant's legal rights, as neither Defendant's website nor its letter identified any connection between Defendant's products and eSports, video games, or gaming generally.

48.     Moreover, Defendant's letter disregarded Plaintiff's trademark registrations for video games and gaming—the precise focus of Plaintiff's relationship with Turner and ELEAGUE.

49.     Given the absence of any legal rights in this arena, Defendant had no basis on which to plausibly assert that Plaintiff's "gaming activities" and activities in connection with the ELEAGUE were or are likely to cause consumer confusion.

50.     Undeterred, on January 4, 2017, Defendant contacted manufacturer Arma Centrum, Ltd. ("Arma"), demanding that Arma cease and desist from the continued production of Plaintiff's FAZE CLAN team jerseys.

51.     As in its letter to Turner, Defendant's letter to Arma misrepresented the 2015 Opposition Proceeding, suggesting that the Trademark Trial and Appeal Board had "denied" Plaintiff's "attempt to gain the registration of FAZE for apparel and accessories" based on an adjudication on the merits of Defendant's claim.

52.     On January 5, 2017, Turner's ELEAGUE partner, WME | IMG, informed Plaintiff that, due to an ongoing "trademark issue," Turner and WME | IMG would no longer be selling Plaintiff's FAZE CLAN team jerseys through Turner's ELEAGUE website.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

53.    On April 20, 2017, over a year since it had last tried contacting Plaintiff, Defendant sent yet another cease and desist letter to Plaintiff, demanding compensation for Plaintiff's alleged infringement of Defendant's asserted trademark rights.  In a continuing attempt to interfere with Plaintiff's business relationships, Defendant copied counsel for Plaintiff's business partners, WME | IMG, Major League Gaming Corp., and Comeupins, on its letter.

54.    Through its letters, Defendant has demanded hundreds of thousands of dollars in claimed damages purportedly resulting from Plaintiff's use of its longstanding FAZE CLAN name on team-related merchandise.

**Plaintiff's Newly-Filed Trademark Applications**

55.    On February 14, 2017, Plaintiff filed several applications for registration of FAZE CLAN (U.S. Application Serial Nos. 87/335,175, 87/335,668, and 87/332,787, collectively, the "FAZE CLAN Applications") for, generally, downloadable computer games, and computer hardware and software in International Class 9; jewelry and watches in International Class 14; decals and posters in International Class 16; backpacks and luggage items in International Class 18; cups and water bottles in International Class 21; clothing, including sports jerseys, and related accessories in International Class 25; computer game consoles and related hardware, sporting goods, and toys in International Class 28; retail store services featuring virtual goods and eSports lifestyle goods, and marketing and promotional

services for the video game industry in International Class 35; and providing certain

online content, including eSports videos and information concerning video game

competitions, in International Class 41.

56.    On May 9, 2017, the examiner assigned to Serial No. 87/332,787 issued

an Office Action, preliminarily refusing registration.  The Office Action did not cite

likelihood of confusion with a previously registered trademark as a basis for refusing

registration.

57.    On September 11, 2017, the Office of the Deputy Commissioner for

Trademark Examination Policy filed a Letter of Protest Memorandum in connection

with Serial No. 87/332,787, stating that Defendant had filed a Letter of Protest based

on a purported likelihood of confusion with the FAZE® Apparel Marks.  On

September 13, 2017, the USPTO issued an Office Action in connection with this

application, refusing registration on this same basis.

58.    That same date, the Office of the Deputy Commissioner for Trademark

Examination Policy filed a Letter of Protest Memorandum in connection with a

second FAZE CLAN Application, Serial No. 87/335,668, stating that Defendant had

filed a Letter of Protest based on a purported likelihood of confusion with the FAZE®

Apparel Marks.  On September 13, 2017, the USPTO issued an Office Action in

connection with this application, refusing registration on this same basis.  While the

examining attorney assigned to Serial No. 87/335,668 had previously issued an

Office Action in connection with this application, the previous Office Action did not cite likelihood of confusion with a previously registered trademark as a basis for refusing registration.

59.    Defendant has also sought to prevent registration of the third FAZE CLAN Application, filing a Notice of Opposition in connection with Serial No. 87/335,175 on November 22, 2017.

60.    Defendant has itself recently filed a new trademark application, Serial No. 87/520,638, seeking coverage for goods as disparate as clocks (in International Class 14), calendars, notepads, and pens (in International Class 16), and sports jerseys (in International Class 25), asserting a date of first use of December 14, 2007 for all listed goods and services—despite the fact that Defendant is a clothing apparel store that has only ever offered men's clothing basics.

61.    Asserting to the USPTO that goods have been offered or sold in commerce when they have not been constitutes fraud on the Trademark Office.

62.    Defendant takes the legally unsupported position that any use of the term "faze" in connection with clothing, even when displayed next to the word "clan," constitutes an infringement of Defendant's trademark rights.

63.    Defendant does not own trademark rights with respect to any use of the word "faze" plus another word (or words), in connection with the sale of clothing and related accessories.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

64.    Moreover, Plaintiff's FAZE CLAN ® Mark is distinguishable in meaning and commercial impression from Defendant's FAZE ® Apparel Marks.  Whereas Defendant uses "faze" as an acronym, Plaintiff uses its FAZE CLAN ® Mark to denote Plaintiff's team name, and Plaintiff's goods and services bearing the FAZE CLAN® Mark are sold and advertised for sale in close proximity with Plaintiff's team persona.

65.    Defendant's FAZE ® Apparel design mark is, furthermore, visually distinguishable from Plaintiff's word mark.

66.    Defendant's conduct, including its baseless demands that Plaintiff cease use of the FAZE CLAN® Mark in connection with the sale of clothing and related goods, its letters of protest filed with the USPTO in connection with Plaintiff's applications for registration of the FAZE CLAN® Mark, and its opposition to Plaintiff's application for registration of the FAZE CLAN ® Mark in International Class 18, has created a concrete dispute between the parties regarding Plaintiff's right to use and register the FAZE CLAN® Mark.

67.    Defendant's continued interference has, and will continue to have, serious negative consequences with respect to Plaintiff's business and, more specifically, with respect to Plaintiff's relationships with various eSports leagues, merchandise and clothing manufacturers, and sponsors, including prospective trademark licensees, thereby constituting actual harm and injury to Plaintiff.

68.   Declaratory relief will serve to clarify the scope of each party's legal rights with respect to Plaintiff's use of the FAZE CLAN ® Mark.

## COUNT I – DECLARATION OF NON-INFRINGEMENT UNDER THE LANHAM ACT
### (15 U.S.C. § 1114)

69.   Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

70.   An actual and justiciable controversy exists between the parties as to whether Plaintiff, based on its use of the FAZE CLAN® Mark, has infringed and is infringing on Defendant's asserted trademark rights in the FAZE ® Apparel Marks.

71.   Plaintiff's use of the FAZE CLAN ® Mark does not infringe, and at all times has not infringed, any existing and valid U.S. trademark registration owned by Defendant under the Lanham Act.

## COUNT II – DECLARATION THAT PLAINTIFF IS NOT UNFAIRLY COMPETING UNDER THE LANHAM ACT
### (15 U.S.C. § 1125(a))

72.   Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

73.   Plaintiff's use of the FAZE CLAN ® Mark does not infringe, and has not infringed, any existing and valid U.S. trademark owned by Defendant through common law use.

74.   Plaintiff's use of the FAZE CLAN ® Mark is not likely to cause, and has not caused, confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff's goods and services, or as to the origin, sponsorship, or approval of Plaintiff's goods and services under the Lanham Act.

### COUNT III - DECLARATION OF NON-DILUTION UNDER THE LANHAM ACT
### (15 U.S.C. § 1125(c))

75.   Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

76.   Defendant's FAZE® Apparel Marks are not famous within the meaning of 15 U.S.C. § 1125(c)(1).

77.   Plaintiff's use of the FAZE CLAN ® Mark on and in connection with its goods and services does not, and is not likely to, dilute or impair the strength and distinctiveness of Defendant's FAZE® Apparel Marks under 15 U.S.C. § 1125(c).

### COUNT IV – DECLARATION OF NON-INFRINGEMENT OF PUBLICITY RIGHTS
### (Cal. Civ. Code § 3344)

78.   Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

79.   Plaintiff's use of its FAZE CLAN ® Mark does not constitute knowing use of Defendant's name, voice, signature, photograph, or likeness within the meaning of Cal. Civ. Code § 3344.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

80.  Plaintiff's use of its FAZE CLAN ® Mark does not infringe any right of publicity owned by Defendant pursuant to Cal. Civ. Code § 3344.

## COUNT V – DECLARATION OF NON-INFRINGEMENT OF PUBLICITY RIGHTS
### (California Common Law)

81.  Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

82.  Plaintiff's use of its FAZE CLAN ® Mark does not constitute use of Defendant's identity within the meaning of California common law.

83.  Plaintiff's use of its FAZE CLAN ® Mark does not constitute the appropriation of Defendant's name or likeness to Plaintiff's advantage within the meaning of California common law.

84.  Plaintiff's use of its FAZE CLAN ® Mark does not infringe any publicity right owned by Defendant under California common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

1.  That the Court declare that Plaintiff's use of the FAZE CLAN ® Mark does not infringe any existing and valid U.S. trademark registration of Defendant under the Lanham Act, 15 U.S.C. § 1114.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

2.      That the Court declare that Plaintiff's use of the FAZE CLAN ® Mark does not infringe any existing and valid common law trademark of Defendant under the Lanham Act, 15 U.S.C. § 1125(a).

3.      That the Court declare that Plaintiff's use of the FAZE CLAN ® Mark is not likely to cause, and has not caused, confusion, mistake or deception as to the affiliation, connection, or association of Defendant with Plaintiff's goods and services, or as to the origin, sponsorship, or approval of Plaintiff's goods and services by Defendant under the Lanham Act, 15 U.S.C. § 1125(a).

4.      That the Court declare that Plaintiff's use of its FAZE CLAN ® Mark on and in connection with Plaintiff's goods and services does not, and is not likely to, dilute or impair the strength and distinctiveness of Defendant's FAZE ® Apparel Marks under 15 U.S.C. § 1125(c).

5.      That the Court declare that Plaintiff's use of its FAZE CLAN ® Mark does not infringe any right of publicity owned by Defendant pursuant to Cal. Civ. Code § 3344.

6.      That the Court declare that Plaintiff's use of its FAZE CLAN ® Mark does not infringe any publicity right owned by Defendant pursuant to California common law.

7.      That the Court order that Defendant, its officers, directors, employees, agents, affiliates, attorneys, representatives, and licensees, be enjoined and

19

permanently restrained from interfering with Plaintiff's use and registration of the

FAZE CLAN® Mark, and from opposing, seeking to cancel, or otherwise objecting to

any federal registration and applications for registration of the FAZE CLAN® Mark.

8.    That Plaintiff be awarded its reasonable attorney's fees and costs.

9.    That the Court award all such other and further relief as the Court may

deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable in this action.

Dated:      Beverly Hills, California
            January 30, 2018

Respectfully submitted,


COWAN, DEBAETS, ABRAHAMS
& SHEPPARD LLP

By: s/Eleanor M. Lackman
Eleanor M. Lackman, Esq., No. 298594
*elackman@cdas.com*

9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 492-4392
Telefax: (310) 492-4394

*Attorneys for Plaintiff Faze Clan Inc.*

# Exhibit A



