UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAZE APPAREL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FAZE CLAN, INC., <br><br> Defendant. | Case No. 18-CV-00625-LHK <br><br> **ORDER GRANTING STIPULATION TO TRANSFER** <br><br> Re: Dkt. No. 12 |

Plaintiff Faze Apparel, LLC ("Plaintiff") filed this trademark infringement case against Defendant Faze Clan, Inc. ("Defendant") on January 29, 2018. ECF No. 1 ("Compl."). On February 12, 2018, Defendant filed a motion to dismiss, stay, or in the alternative, to transfer to the Central District of California. ECF No. 11 ("Mot."). On February 23, 2018, the parties filed a stipulation to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a). ECF No. 12.

Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purpose of Section 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants,

1
Case No. 18-CV-00625-LHK
ORDER GRANTING STIPULATION TO TRANSFER

witnesses, and the public against unnecessary inconvenience and expense[.]'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 27 (1960)).

When determining whether a transfer is proper, a court must employ a two-step analysis. A court must first consider the threshold question of whether the case could have been brought in the forum to which the moving party seeks to transfer the case. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district." (internal quotation marks and citations omitted)). Once the party seeking transfer has made this showing, district courts have discretion to consider motions to change venue based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne*, No. 08-1339, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing *Stewart Org., Inc.*, 487 U.S. at 29; *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 639 (9th Cir. 1988)).

At the first step of the two-part inquiry into whether transfer would be appropriate, the Court must consider whether the case could have been brought in the putative transferee district, here the Central District of California. The Court finds that this action could have been brought in the Central District of California. Defendant's principal place of business is in Los Angeles, California, Compl. ¶ 7, and Defendant filed a closely related case against Plaintiff in the Central District of California the day after the instant case was filed. Mot. at 3-4; ECF No. 11-2.

At the second step, the Court concludes that factors of convenience and fairness favor transfer for three reasons. First, there is substantial overlap between the subject matters of the Central District action and the instant case. The cases are between the same parties and arise out of the same dispute over the same mark. *See* ECF No. 11-2. It would be more efficient and

2

Case No. 18-CV-00625-LHK
ORDER GRANTING STIPULATION TO TRANSFER

1  convenient for one judge to decide the instant case and the pending case in the Central District of
2  California to avoid inconsistent rulings.

3  Second, the instant suit, although first filed, appears to have been an anticipatory suit triggered by Defendant's transmission of a settlement offer that included a threat to file the Central District suit. *See* ECF No. 11-2 at 5-34; *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006) (anticipatory suits arise when a plaintiff in the first-filed action files suit "on receipt of specific, concrete indications that a suit by the defendant was imminent"). Courts recognize an exception to the first to file rule for anticipatory suits because a "plaintiff should not be deprived of its traditional choice of forum because a defendant with notice of an impending suit first files a declaratory relief action over the same issue in another forum." *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006). Accordingly, where an "'action has been triggered by a cease and desist letter' that both seeks settlement and notifies the party of the possibility of litigation upon collapse of negotiations, 'equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first.'" *Xoxide*, 448 F. Supp. 2d at 1193 (quoting *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 667 (N.D. Cal. 2003)).

Third, the parties in this case have stipulated to this case's transfer to the Central District of California, which is strong evidence that the convenience of the parties would be served by transfer.

Accordingly, the Court in its discretion finds that transferring the case to the Central District, where Defendant is based, where another case between the parties is pending, and where the parties have stipulated to transfer, will be the most efficient course and will serve the interest of justice. The Court GRANTS the parties' stipulation to transfer the case to the Central District, ECF No. 12, and DENIES AS MOOT Defendant's motion to dismiss, stay, or transfer, ECF No. 11. The Clerk shall transfer the case and close the case file in this district.

**IT IS SO ORDERED.**

3

Case No. 18-CV-00625-LHK
ORDER GRANTING STIPULATION TO TRANSFER

Dated: 3/8/18

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No. 18-CV-00625-LHK
ORDER GRANTING STIPULATION TO TRANSFER